sections 62 and 63 of the General Corporation Law. The objections thereto are made by two stockholders, owning together $117,500 out of a total stock issue of $300,000. The proposed change was duly authorized by the board of directors of the petitioner for reasons which to them seemed sufficient, and which certainly were not without force and reason. The change of name of a corporation is one of those details of corporate and business management with which, in the absence of fraud or illegality, the courts will not interfere, but will respect the determination of those intrusted with the direction of the affairs of the corporation, even if it does not meet with the unanimous approval of the stockholders. Thomas & Barton Company v. Thomas, 165 Fed. 29, 91 C. C. A. 67; 10 Cyc. 210, 211.

[2] The reluctance of the courts to interfere with the policy of the majority in interest of a corporation in relation to those matters which have to do solely with its internal management leads them to decline to set aside action taken, or sought to be accomplished, thereunder, in the absence of fraud, illegality, or the carrying out of a purpose clearly detrimental to the interest of the corporation itself. None of these elements is present here.

[3, 4] Nor did the agreement of consolidation between the partnership of Hinds & Noble, the corporation of Eldredge & Bro., and Messrs. Eldredge & Gideon, operate to deprive the corporation about to be organized of its legal right to thereafter change the name under which it was to begin business. The pendency of the various actions by which it is sought to compel the performance of an alleged option for the sale of stock in the corporation, by which control is hoped to be passed to Gideon and Noble, is no reason for denying this application. Should they be successful in ultimately obtaining control of the corporation, they can, if they desire, cause its name to be again changed.

The order appealed from is reversed, with $10 costs and disbursements, and the application for the authorization of a change of corporate name is granted. Order filed. All concur.

---

### SEABOARD NAT. BANK v. REID et al.

(Supreme Court, Appellate Division, First Department. April 7, 1916.)

1. INJUNCTION ☞26(4)—WHEN PROPER—RESTRAINT OF OTHER ACTIONS.
    A court of equity may restrain parties, by injunction, from proceeding in other actions during the pendency of the suit in which the injunction is granted.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 31; Dec. Dig. ☞26(4).]

2. INJUNCTION ☞26(4)—RELIEF FROM MULTIPLICITY OF SUITS.
    Where the plaintiff bank owes money, the ownership of which is at issue in a pending action, and suits are threatened against the bank to determine the parties to whom it should be paid, the bank may, by inter-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

pleader, pay such moneys into court and avoid litigation, and also have the other parties restrained from prosecuting actions against it.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 31; Dec. Dig. ☞26(4).]

**3.** INJUNCTION ☞118(1)—"STAY OF PROCEEDINGS."

The fact that plaintiff in interpleader action referred to an application as one for an order staying other proceedings, instead of an injunction, would not defeat his right to injunctive relief; the terms "stay" and "injunction" being often loosely used and treated as synonymous.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–232, 234; Dec. Dig. ☞118(1).

For other definitions, see Words and Phrases, First and Second Series, Injunction; Stay.]

**4.** INJUNCTION ☞148(1)—STAY OF PROCEEDINGS—UNDERTAKINGS.

Where proceedings are stayed by injunction granted in an interpleader suit, plaintiff in the action restrained is not entitled to an undertaking under Code Civ. Proc. § 611, which requires undertakings only where injunction issues in action wherein a judgment for a sum of money is demanded.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 323–330, 333; Dec. Dig. ☞148(1).]

Smith, J., dissenting.

Appeal from Special Term, New York County.

Action by the Seaboard National Bank against Richard I. Reid and others, impleaded with Edmond Roure. From an order denying a motion for stay of proceedings in another action, plaintiff appeals. Reversed, and motion granted.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Charles A. Baker, of New York City, for appellant.
Charles K. Terry, of Brooklyn, for respondent Roure.

McLAUGHLIN, J. On the 30th of November, 1915, Edmond Roure commenced an action in the Supreme Court, Kings County, in which the Seaboard National Bank and Richard I. Reid and Valdemar Sillo, as administrators of Richard H. Reid, deceased, were defendants. The complaint in that action alleged that Richard H. Reid, as the agent of the plaintiff, received from him a large sum of money, which he deposited in his own name in the Seaboard National Bank; that $500 of such money still remains on deposit with the bank; that Reid's estate is insolvent; that the $500 is claimed by the administrators of that estate, and the bank will pay the same to them unless restrained. The relief demanded is that the bank be restrained from paying, and the administrators from receiving, the $500 during the pendency of the action; that the same be adjudged to be Roure's property, and paid over to him by the bank. After issue was joined in the action, a motion was made by Roure for an order staying the bank from paying the money to the administrators. This motion was denied.

Shortly thereafter this action was commenced; the administrators of Reid, Roure, and other parties being made defendants. In the

complaint the bank alleges that it has in its possession $1,110.01 and certain securities which belonged to Richard H. Reid; that conflicting claims to the fund and securities have been made by the defendants, and the bank is desirous of delivering the same to the persons entitled thereto, but is unable to determine the rights of the respective parties. The judgment demanded is that the bank be permitted to deposit the money and securities with the court, and thereupon be discharged from liability to any and all of the defendants, and that it have "preliminary and final relief restraining the defendants and any of them from prosecuting any suits against the" bank to recover the fund and securities. The action is at issue as to Roure and some of the other defendants, but not as to all of them. After Roure had interposed an answer, the bank made a motion for an order staying all proceedings in the action which he had commenced in Kings county. The motion was denied, and the plaintiff appeals.

[1] I think the order appealed from should be reversed, and the motion granted. The learned justice at Special Term, as appears from his opinion, denied the motion upon the ground that an order enjoining the prosecution of the Kings county action could only be obtained therein, citing in support of his conclusion Belasco Co. v. Klaw, 98 App. Div. 74, 90 N. Y. Supp. 593, and Purdy v. Baker, 92 App. Div. 242, 86 N. Y. Supp. 1065. Counsel for the respondent Roure, in the brief presented, cites other authorities which it is urged necessitate an affirmance of the order. Grammer v. Greenbaum, 146 App. Div. 3, 130 N. Y. Supp. 569; North Central Realty Co. v. Blackman, 145 App. Div. 199, 129 N. Y. Supp. 1005; Raymore Realty Co. v. Pfotenhauer-Nesbit Co., 139 App. Div. 163, 129 N. Y. Supp. 1002. An examination of the records in the authorities referred to, as well as the opinions delivered, will show that each is clearly distinguishable from the present case; that none of them were actions in which injunctive relief was demanded. There can be no doubt that a court of equity, in a proper case, has the power to restrain parties by injunction from proceeding in other actions during the pendency of the suit in which the injunction is granted. This power is referred to and recognized in each of the authorities upon which the court relied at Special Term.

[2] Here the plaintiff holds a fund and certain securities. The administrators of Richard H. Reid's estate claim them. The other defendants claim the same, or some part thereof. The bank is placed in the position where it cannot, except at its peril, deliver the same to any of them. Roure claims, in the action brought by him in Kings county, to be entitled to $500 of the fund, and is seeking to enforce payment by the prosecution of that action. Under such circumstances, an action in the nature of an interpleader is a proper one, and, inasmuch as the holder makes no claim to the fund or securities, it ought to be relieved from the trouble, annoyance, and expense of litigation brought for the purpose of determining the title. The defendants are the only ones who have an interest in having the title settled and determined. The litigation is between them, in which the plaintiff has no interest. On delivering the fund and securities to the court,

defendants should be restrained from prosecuting actions against the plaintiff. By taking this course a multiplicity of actions is avoided, which is always desirable when a complete determination can be obtained in one action. National Park Bank v. Goddard, 131 N. Y. 494, 30 N. E. 566; Metropolitan Trust Co. v. Stallo, 166 App. Div. 639, 152 N. Y. Supp. 183; Altman & Co. v. Comstock, 165 App. Div. 160, 150 N. Y. Supp. 662.

[3] The fact that the appellant in its notice of motion asks for "an order staying all the proceedings," instead of "that an order may be made enjoining" Roure "from further proceeding" in the Kings county action, is of no importance. Both in the text-books and in opinions delivered the terms "stay" and "injunction" are loosely used and often treated as synonymous. It is perfectly obvious that the application made by the appellant is for a temporary injunction enjoining Roure from proceeding in the Kings county action.

[4] Nor do I think there is any force in the contention made by Roure's counsel to the effect that if the Kings county action be stayed the plaintiff therein is entitled to an undertaking under section 611 of the Code of Civil Procedure. The section of the Code referred to does not apply. It refers to actions in which a judgment for a sum of money only is demanded.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, and the motion granted. Order filed.

CLARKE, P. J., and DOWLING and DAVIS, JJ., concur.

SMITH, J. (dissenting). As I view this appeal, the order appealed from should be affirmed, whether the application be deemed an application for a stay of proceedings or an application for a preliminary injunction. As an application for a stay of proceedings it clearly could not be granted, under the specific holding of this court in Belasco Co. v. Klaw, 98 App. Div. 74, 90 N. Y. Supp. 593, and Purdy v. Baker, 92 App. Div. 242, 86 N. Y. Supp. 1065. As an application for a temporary injunction it could not be granted, because, so far as appears from the record, no security was given or tendered. There may be some question as to whether security must be given under section 611 of the Code of Civil Procedure, or under section 620. My judgment would be that the action sought to be stayed is an action for judgment for a sum of money only. The relief prayed for, that pending the action the defendant be restrained from paying the money to others, is only incidental to the ultimate relief sought that defendant pay to the plaintiff the sum of $500. If this be so, an injunction staying that action can only be granted upon giving security for all damages and costs which may be recovered in the action stayed, and also for all damages and costs which may be awarded to him in the action in which the injunction order is granted. If the prevailing opinion, however, is right in this, and the action here sought to be stayed is not such an action as comes within section 611 of the Code of Civil Procedure, the injunction can then only be granted under section 620 of the Code of Civil Procedure by giving of an undertaking to pay to

the party enjoined such damages, not exceeding a sum specified in the undertaking, as he may sustain by reason of the injunction. It is not claimed that this action is one in which special provision is otherwise made by law for the giving of security upon an injunction order, as specified in section 620 of the Code of Civil Procedure, or that any statutory provision exists providing that security may be dispensed with in this particular case, as provided in section 621. The order about to be entered, reversing the order appealed from and granting the stay without security, becomes an authority to the Special Term to grant any temporary injunction without the giving of any security whatever, and the mandatory requirement of the Code of Civil Procedure that security be given upon the granting of the injunction is judicially repealed. I therefore vote for an affirmance of the order.