In the Matter of the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Appellant, against ALFRED V. NORTON, a Justice of the Supreme Court of the State of New York, et al., Respondents.

Argued December 2, 1952; decided December 5, 1952.

*Lawrence E. Walsh, Counsel* (*George H. Kenny, Arthur Brooks, Edward D. Cohen, Sol Neil Corbin* and *Joanne MacFarlane* of counsel), for appellant. I. Denial of prohibition under the circumstances of this case is reviewable on appeal. (*Matter of Baltimore Mail S. S. Co.* v. *Fawcett,* 269 N. Y. 379.) II. The Supreme Court has no power to grant the injunctive relief sought in the action brought by the city. The commission has been given exclusive regulatory jurisdiction of the railway company and its passenger service. (*Maltbie* v. *Long Beach Bus Co.,* 272 App. Div. 1069, 297 N. Y. 723; *Spring Brook Water Co.* v. *Village of Hudson Falls,* 269 App. Div. 515.) III. The Supreme Court has no power to withdraw the passenger service of the railway company from commission regulation. (*Albright* v. *Fisher,* 164 Mo. 56; *State ex rel. Abel* v. *Gates,* 190 Mo. 540; *Slade* v. *City of Lexington,* 121 S. W. 621 [Ky.]; *Majestic Theatre Co.* v. *Cedar Rapids,* 153 Iowa 219; *Durritt Hardware* v. *Monroe,* 199 La. 329; *People* v. *Mayor of City of N. Y.,* 32 Barb. 35; *Greenberg* v. *O'Brien,* 149 Misc. 866, 240 App. Div. 970; *Mezey Motors* v. *O'Dwyer,* 195 Misc. 160; *McChord* v. *Louisville & Nashville R. R. Co.,* 183 U. S. 483; *Haywood* v. *State Corp. Comm.,* 151 Kan. 1009; *New York State Elec. & Gas Corp.* v. *Maltbie,* 169 Misc. 144.) IV. The Supreme Court has no power to abridge the right of any person to petition the commission. (*Near* v. *Minnesota,* 283 U. S. 697; *Thomas* v. *Collins,* 323 U. S. 516; *People* v. *Canal Bd. of State of N. Y.,* 55 N. Y. 390; *Story* v. *Jersey City & Bergen Point Plank Road Co.,* 16 N. J. Eq. 1.) V. The Supreme Court has no power itself to determine the extent of passenger service to be furnished by the railway company. (*People ex rel. Linton* v. *Brooklyn Heights R. R. Co.,* 172 N. Y. 90; *Honolulu R. T. Co.* v. *Hawaii,* 211 U. S. 282; *Morrell* v. *Brooklyn Borough Gas Co. No. 1,* 231 N. Y. 398; *Bronx Gas & Elec. Co.* v. *Public Service Comm.,* 190 App. Div. 13.) VI. The action by the city supplies no basis for action by the Supreme Court. (*Matter of State Ind. Comm.* [*Self-Insurer's Assn.*], 224 N. Y. 13; *Manhattan Stor. & Warehouse Co.* v. *Movers & Warehousemen's Assn.,* 289 N. Y. 82; *Long Island Lighting Co.* v. *Maltbie,* 176 Misc. 1, 262 App. Div. 376, 287 N. Y. 691; *Kane* v. *Walsh,* 295 N. Y. 198; *New York Post Corp.* v. *Kelley,* 296 N. Y. 178.) VII. Prohibition is the only adequate

remedy available to the commission. (*Quimbo Appo* v. *People,* 20 N. Y. 531; *Matter of Culver Contr. Corp.* v. *Humphrey,* 268 N. Y. 26; *Public Service Comm.* v. *Eighth Judicial Dist. Ct.,* 61 Nev. 245; *State* v. *Flynn,* 236 Mo. App. 577; *Hislop* v. *Rodgers,* 54 Ariz. 101.) VIII. Relief is sought not by a private litigant but by the public agency whose jurisdiction has been invaded. (*Abelleira* v. *District Ct.,* 17 Cal. 2d 295; *State ex rel. Bettman* v. *Court of Common Pleas,* 124 Ohio St. 269.)

*Bruce Bromley* for Staten Island Rapid Transit Railway Company, respondent, in support of appellant's position.

*John C. Crary, Jr.,* for Alfred V. Norton, respondent.

*Denis M. Hurley, Corporation Counsel (James J. Thornton, John F. Kelly, Francis I. Howley* and *John A. Radlien* of counsel), for City of New York, respondent. I. Defendant, in order to continue to enjoy its franchises, is required to carry persons and property on its railroad. (*Bloodgood* v. *Mohawk & Hudson R. R. Co.,* 18 Wend. 2; *People ex rel. Wheeler* v. *Long Island R. R. Co.,* 31 Hun 125; *People* v. *New York, L., E. & W. R. R. Co.,* 104 N. Y. 58; *Matter of Quinby* v. *Public Service Comm.,* 223 N. Y. 244.) II. Petitioner has no judicial power and it therefore cannot pass on questions of law. (*Kovarsky* v. *Brooklyn Union Gas Co.,* 253 App. Div. 635, 279 N. Y. 304; *People ex rel. Village of South Glens Falls* v. *Public Service Comm.,* 225 N. Y. 216; *City of New York* v. *Interborough R. T. Co.,* 257 N. Y. 20; *Matter of Quinby* v. *Public Service Comm.,* 223 N. Y. 244; *Siler* v. *Louisville & Nashville R. R. Co.,* 213 U. S. 175.) III. Plaintiff is properly before the court in seeking a declaration of the rights of the parties under the franchise agreement by way of declaratory judgment. (*Post* v. *Metropolitan Cas. Ins. Co.,* 227 App. Div. 156, 254 N. Y. 541; *Loesch* v. *Manhattan Life Ins. Co.,* 128 Misc. 232; *Manhattan Bridge Three-Cent Line* v. *City of New York,* 204 App. Div. 89, 236 N. Y. 559; *Massachusetts* v. *Mellon,* 262 U. S. 447; *James* v. *Alderton Dock Yards,* 256 N. Y. 298; *People* v. *Canal Bd. of State of N. Y.,* 55 N. Y. 390; *Mayor of City of N. Y.* v. *Board of Health,* 31 How. Prac. 385; *Craig* v. *Commissioners of Sinking Fund of City of N. Y.,* 208 App. Div. 412.) IV. The action for a declaratory judgment was properly instituted in the Supreme Court. The court having

jurisdiction of the subject matter, prohibition will not lie. (*People ex rel. Ballin* v. *Smith,* 184 N. Y. 96; *People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383; *People ex rel. Hummel* v. *Trial Term,* 184 N. Y. 30; *People ex rel. Woodbury* v. *Hendrick,* 215 N. Y. 339; *Matter of Harris Motors* v. *Klapp,* 296 N. Y. 242.)

DESMOND, J. In this article 78 (Civil Practice Act) proceeding we granted, to appellant Public Service Commission, leave to appeal to this court, so that we might review this question: is the commission entitled to an order, in the nature of prohibition, restraining (or restricting) the continuance of an action, now pending in Supreme Court, Richmond County, and hereafter more fully described, in which the City of New York, respondent herein, is plaintiff, and the Staten Island Rapid Transit Railway Company, another respondent in this prohibition proceeding, is defendant.

Respondent Staten Island Railway Company (hereafter called "Railway"), which carries interstate freight and local intrastate passengers over its lines on Staten Island, Richmond County, New York, petitioned respondent commission, in June, 1952, for authority to discontinue all passenger service, asserting that its passenger business (3,500,000 persons annually) results in heavy and increasing losses. The commission, on receipt of that petition, commenced a proceeding before itself thereon, reviving, also, an old proceeding in the nature of an investigation into the adequacy of Railway's passenger service. Hearings, in both those proceedings tried together, were had before the commission on various days in July, September and October, 1952, until they were summarily halted by a stay or temporary restraining order, granted, ex parte, on October 30, 1952, by a Supreme Court Justice, in the Supreme Court action, above referred to, which had been begun on that same day. By the terms of that stay, Railway was restrained, pending the hearing and determination of a motion by plaintiff city for a temporary injunction, "from taking any acts or actions, participating in or conducting any proceedings that could or may result in the abandonment, discontinuance or curtailment of existing passenger rapid transit service presently operated and maintained" by Railway, on Staten Island. Thus, a Pub-

lic Service Commission proceeding to pass on matters as to which the commission unquestionably had jurisdiction (see *Maltbie* v. *Long Beach Bus Co.*, 272 App. Div. 1069, affd. 297 N. Y. 723; Public Service Law, § 49, subd. 2; §§ 51, 51-b), was forced to an abrupt stop, after long hearings and after much testimony had been offered by all parties thereto except the city, which had participated in the hearings but had not yet put in its case. The critical nature of the situation brought about by the issuance of this stay, becomes more apparent when we look at section 51-b of the Public Service Law (*supra*), enacted at the 1952 session of the Legislature (L. 1952, ch. 431). We need not now adventure on a precise construction of that new statute, but it does say that a railway company, petitioning the commission for authority to " discontinue any train engaged in the transportation of passengers ", may not be required by the commission to continue existing service for more than ninety days after the making by the commission of an order for such continuance, pending the commission's investigation. The commission had made such an order here, and we are told that it will (as extended by consent) expire on December 19, 1952.

The Supreme Court stay, made as it was in an action in which the city and Railway were the only parties, did not in terms run against the commission, but it stopped the commission in its tracks, nonetheless. On the return day of the city's motion for a temporary injunction in the cause, counsel for the commission came into court and asked the Justice presiding to vacate the stay insofar as it enjoined the continuance of the proceedings before the commission. The city objected to such a disposition. The court refused to entertain the commission's motion unless the commission would first move to intervene in the Supreme Court action. The commission, for reasons easily understandable, declined so to enter the suit as a party. Railway, likewise, moved to vacate the stay, but decision on its motion for vacatur was reserved. Next day, the commission commenced this prohibition proceeding. The Supreme Court, presumably because prohibition had so been demanded, withheld decision as to ending the stay and as to granting or denying a temporary injunction. The stay is still in effect.

The Appellate Division, without opinion and without stating whether its determination was made in the exercise of its discretion, or on the law, or both (it was not obligated to make any such announcement), denied the commission's application.

Herein we discuss, first, a question as to our own jurisdiction, that is, whether we can review this denial of prohibition by the Appellate Division, since prohibition is, generally speaking, a discretionary remedy (*People ex rel. Cuvillier* v. *Hagarty,* 238 N. Y. 621). But prohibition becomes a matter of right, and the question one of law, when, first, the action sought to be prohibited is beyond the jurisdiction of the body sought to be restrained, and when, second, no remedy other than prohibition is available (*Matter of Baltimore Mail S. S. Co.* v. *Fawcett,* 269 N. Y. 379, 382, 383, 384; and see *Matter of Murtagh* v. *Leibowitz,* 303 N. Y. 311, 319). This opinion will be concerned, principally, with the first of those two requirements. As to the second (no other remedy available) it seems to us that the commission took every step reasonably available by moving to vacate the stay, and by asking the Appellate Division, in the petition for prohibition, to vacate or modify the stay (see Civ. Prac. Act, § 897). Perhaps it can be theorized that the commission could have, and should have, appealed from the order refusing vacatur (see discussion in Cohen and Karger, Powers of the New York Court of Appeals, § 92), but the prayer to the Appellate Division for that same relief was equivalent to an appeal (see *Marty* v. *Marty,* 66 App. Div. 527). Practically speaking, prohibition was the commission's only recourse.

We now consider the first requirement of *Matter of Baltimore Mail S. S. Co.* v. *Fawcett (supra)*: that is, as to whether there was, in the Supreme Court suit, action so clearly beyond that court's broad jurisdiction as to justify prohibition. That suit is for a declaratory judgment, and for an injunction appropriate to the declaration of rights requested. The complaint describes the pending Public Service Commission's proceedings, and does not, in terms, at least, question the jurisdiction of that body to act on the questions before it. The complaint then alleges that Railway's operations on Staten Island are carried on pursuant to certain consents and franchises granted by the city or its predecessors to Railway and its predecessors, that

Railway, under those consents and franchises, and under the laws of this State, " is required to carry both passengers and property during the period it operates its aforesaid lines of railroad ", that although Railway cannot legally abandon passenger service and continue to operate a freight railroad only, it threatens to do just that, that its passenger service is vitally necessary to New York City commuters and others, that irreparable damage will be suffered by the city and its inhabitants if Railway's passenger operations come to an end, that plaintiff has no adequate remedy at law, and that an actual controversy exists between the city and Railway in respect to Railway's alleged obligation to continue to carry both persons and property, on its Staten Island lines. The prayer of the complaint, besides asking an injunction, is for a declaration that Railway may not separately discontinue its carriage of passengers, despite any order of the commission to the contrary, and whether or not the commission shall have decided, before that date, the cases there pending.

We thus have this situation: the commission is performing its lawful and customary function of investigating and regulating the passenger service of an intrastate carrier, the Supreme Court is entertaining a declaratory judgment suit as to the right of Railway to end its passenger service, and the Supreme Court, purportedly in aid of its own jurisdiction, has stayed the commission from exercising its jurisdiction. On the one hand, the Supreme Court has broad powers as to declaratory judgment suits (Civ. Prac. Act, § 473), and, on the other hand, the commission has from the Legislature an inclusive grant of power to deal with intrastate railway passenger service (*Maltbie* v. *Long Beach Bus Co., supra;* Public Service Law, § 49, subd. 2; §§ 51, 51-b, *supra*). Both parties to this prohibition proceeding seem at times to argue that those grants of power are, as to this situation, overlapping or conflicting and that one or the other branch of government must surrender the field to the other. We do not think that is the position. A declaratory judgment suit is, ordinarily, an appropriate method of settling disputes as to contract rights and obligations like these, and a stay or injunction is a conventional method of maintaining the *status quo* during such a suit. But regulation of public

utility services is a legislative function delegated to the commission (Public Service Law, §§ 5, 45, 49; *Matter of Trustees of Vil. of Saratoga Springs* v. *Saratoga Gas, Elec. Light & Power Co.*, 191 N. Y. 123; *Atlantic Coast Line* v. *N. Car. Corp. Comm.*, 206 U. S. 1), and an injunction against the performance thereof by the Legislature's agent is a restraint, offensive to constitutional government and the orderly conduct of public affairs, against the State Government's legislative processes.

The commission asks us to prohibit all further steps in the Supreme Court suit and to vacate the pending stay. In frankness, it concedes that the latter relief is all that it needs. Thus, a way appears, to let court and commission each carry on its appointed function, without trespass on the separate premises of the other. The Supreme Court may continue to exercise jurisdiction of its suit, but it must strike down forthwith the offending stay, and it must make no other order or judgment which halts, interferes with or prevents the continuance before the commission, of the proceedings there now pending. We need not, and do not, make any premature ruling as to how far the court may go in any declarations of rights it may hereafter include in any judgment entered in the suit. Obviously, we can express no opinion at all to the merits of the underlying contest between the city and Railway. We hold only that the court must not stay the commission from performing its statutory duties. This does not take from the Supreme Court its power and right to pass on questions of law, since any determination by the commission can be reviewed in that court by appropriate procedures under article 78 of the Civil Practice Act, and if circumstances make it appropriate, a stay may be granted pending such court review (Civ. Prac. Act, § 1299).

It is no argument against granting a prohibition order here, that it will restrain interlocutory, intermediate or incidental proceedings in a suit of which the tribunal to be restrained has general jurisdiction (see *Quimbo Appo* v. *People*, 20 N. Y. 531, 541, 542; *Matter of Culver Contr. Corp.* v. *Humphrey*, 268 N. Y. 26, 39, 40; *Matter of United States of Mexico* v. *Schmuck*, 293 N. Y. 264, 294 N. Y. 265; *Matter of Hogan* v. *Court of General Sessions*, 296 N. Y. 1, 8, 9).

The order of the Appellate Division should be modified, without costs, to the extent that this proceeding be remitted to that court to issue an order, in the nature of prohibition, directed to respondent Hon. ALFRED V. NORTON, Justice of the Supreme Court of the State of New York, and any other Justice or Justices of said court, prohibiting them, and each of them, from continuing in effect so much of the stay contained in the order of October 30, 1952, in an action in that court entitled " The City of New York, Plaintiff, *against* The Staten Island Rapid Transit Railway Company, Defendant ", or from making or continuing any other order or determination, as in any manner prevents the continuance before appellant Public Service Commission of any proceedings having to do with the passenger service of said Staten Island Rapid Transit Railway Company, or the performance of any of the said commission's statutory duties in relation thereto, nothing in this our determination to have any effect on the maintenance and determination of the action, above described, brought by said City of New York, except that in said action there may not be any stay, injunction or other order or judgment which has the effect of preventing, or interfering with, the performance by the said commission of any of its said statutory duties.

CONWAY, J. (concurring). I concur in view of the fact that it is permitted that the Supreme Court action continue to judgment. In that plenary action the Supreme Court will construe the franchise granted to the Staten Island Rail Road Co. and the Staten Island Railway Co. (incorporated under the Railroad Law of 1850 [L. 1850, ch. 140]), the predecessors of the Staten Island Rapid Transit Railway Company (hereinafter called Railway). Railway under its franchise has the right to transport (a) passengers and (b) freight. Its passenger service is intrastate. Its freight service is interstate. The commission has jurisdiction only over the former. The Interstate Commerce Commission has jurisdiction over the latter. Railway, rendering service both for passengers and freight, is the usual integrated railroad. The Supreme Court has jurisdiction over Railway and may enforce its orders and judgments against Railway affecting both passenger and freight service. The commission may make

orders only as to passenger service. The Interstate Commerce Commission may make orders as to freight. It was for that reason that the City of New York brought its plenary action against Railway seeking to so construe its franchise that its passenger and freight service might be held to be interdependent and nondivisible. Thus, Staten Island would be certain to have an integrated railroad and not a railroad carrying only freight after having abandoned its passenger service in its entirety. That might well result in irreparable damage, so it is claimed by the city, in that, under such conditions, no other railroad would enter Staten Island to render passenger service alone. That also, so the city argues, is the reason why Railway has made its application solely to the commission to discontinue and abandon the running of passenger trains on Staten Island since the commission has no jurisdiction over Railway's freight service and thus when the ninety-day order for which provision is made in section 51-b of the Public Service Law expires on December 19th next, Railway will have divided its obligations under its franchise and charter into two parts and will have succeeded in abandoning one of those parts. Thus, says the city, Railway will have a profitable franchise to transport freight alone and Staten Island will never again have a railroad for the transport of passengers. Thus it may very well be that the Supreme Court is the only tribunal in this State which has plenary power to act with reference to Railway and its services as an entirety and that the Public Service Commission of the State of New York may eventually have to seek the aid of the Supreme Court because of its complete control of Railway while the commission has but partial control.

LOUGHRAN, Ch. J., LEWIS, DYE, FULD and FROESSEL, JJ., concur with DESMOND, J.; CONWAY, J., concurs in separate opinion.

Ordered accordingly.