Henry A. Hudson, J.
The plaintiff has moved for an order restraining the defendants, Betty Stanton and Betty Seitz from commencing or instituting any action against the defendant De Witt C. Williams, Sr. to recover for personal injuries or property damage resulting from a motor vehicle accident in the City of Ithaca on March 3,1958, pending the determination of this action which was instituted by the plaintiff against the defendants above named to obtain a decision pursuant to section 473 of the Civil Practice Act as to the obligation of the plaintiff under a certain policy of liability insurance issued to the defendant, De Witt C. Williams, Sr., and which the plaintiff claims was not in force at the time of the accident. The plaintiff’s motion was brought on by order to show cause which contained a stay pending the determination of the motion restraining the defendants, Betty Stanton and Betty Seitz from commencing any civil action against the defendant, De Witt C. Williams, Sr., in respect to the accident above referred.
The defendants, Betty Stanton and Betty Seitz brought a cross motion, in which the defendant, De Witt C. Williams, Sr. joined, seeking an order vacating and setting aside the stay in the order to show cause, dismissing the plaintiff’s motion for a stay and changing the place of trial from Onondaga County to Tompkins County which it is claimed is the proper county for the reason that the plaintiff is a nonresident insurance corporation.
At the time of the argument no serious question was raised as to the right of the defendants to have the place of trial changed from Onondaga County to Tompkins County and it appears from the moving affidavits without question that Tompkins County is the proper county for the trial of this action.
*350 The court indicated upon the argument of the motion that this phase of the cross motion would be granted and the place of trial changed as requested.
It appears from the moving affidavits that Betty Stanton and Betty Seitz were passengers in the automobile owned and operated by De Witt C. Williams, Sr. at the time of the accident in which it is alleged Betty Stanton and Betty Seitz were injured; 'that no action has been instituted by either Betty Stanton or Betty Seitz against De Witt C. William, Sr. at the time of the commencement of this action or the service of the motion papers and the order to show cause herein.
It is alleged in the plaintiff’s complaint that it had issued to the defendant, De Witt C. Williams, Sr. a policy of automobile insurance for the period of one year commencing January 26, 1957 and ending on January 26, 1958. This policy was issued through its local agent in the City of Ithaca, New York. It is also alleged in the complaint that the premium for this policy was not paid but it appeared from the complaint that any nonpayment of the premium was a matter between the plaintiff’s agent in Ithaca and the defendant, De Witt C. Williams, Sr. It is further alleged that thereafter and in January, 1958 a renewal policy written to cover the automobile from January 26, 1958 to January 26, 1959 was issued to the defendant, De Witt C. Williams, Sr. by the plaintiff and forwarded to its agent in Ithaca for delivery to the defendant, De Witt C. Williams, Sr. That thereafter the agent attempted to deliver the policy but was unable to determine the whereabouts of the said De Witt C. Williams, Sr. and subsequently plaintiff’s agent advised the defendant, De Witt C. Williams, Sr. by mail that the renewal policy was being returned. On January 17,1958 the said policy was returned to the plaintiff by its agent with instructions that it be cancelled. On the same date notice of the cancellation of such policy was forwarded to the Commissioner of Motor Vehicles of the State of New York. Plaintiff then proceeds to allege the accident of March 3,1958, the fact that claims arose against the defendant, De Witt C. Williams, Sr. in favor of the defendants Betty Stanton and Betty Seitz as a result of such accident and that, therefore, an actual controversy exists between the plaintiff and the defendants. It is then alleged that this controversy involves the contention of the plaintiff that it is not obligated to defend any actions brought against the defendant, De Witt C. Williams, Sr. and requests as relief in the action that the court should determine whether the plaintiff is required to defend and indemnify the defendant, De Witt C. *351 Williams, Sr. from any claims or actions which may be instituted by the defendants, Betty Stanton and Betty Seitz against him and seeking a stay against the defendants Betty Stanton and Betty Seitz until a determination of the issues raised in said complaint.
It appears from the moving papers that no action has ever been instituted by Betty Stanton or Betty Seitz against De Witt C. Williams, Sr. and there is nothing to indicate that any action will ever be instituted. As far as the papers before this court indicate there may never be an action instituted. There is nothing in the plaintiff’s moving papers that would in any way assert the nature or extent of the injuries sustained in the accident. As far as the moving papers are concerned the injuries may be minor or completely inconsequential. There is nothing other than innuendo which would establish that the defendant, De Witt C. Williams, Sr. is not perfectly able to respond for any damage for which he may be responsible to Betty Stanton and Betty Seitz. Indeed the moving papers of the plaintiff make it clear that any liability upon the part of the plaintiff is highly speculative and almost improbable, yet the plaintiff sought by order to show cause and succeeded in obtaining a stay preventing the defendants, Betty Stanton and Betty Seitz from instituting any action against their codefendant. I can see no reason for such relief and certainly no reason for any order continuing the stay. The defendants, Stanton and Seitz should certainly be permitted to proceed with any rights they may have against the defendant, Williams and should not be in any way restrained and enjoined from doing so pending the determination of this action. In fact this court cannot see any reason that the defendants Stanton and Seitz were joined in this action or any legal basis therefor.
The plaintiff has submitted authorities which it maintains authorize injunctive relief against the defendants, Stanton and Seitz. This court does not disagree with the broad general proposition that a “ court of equity, in a proper case, has the power to restrain parties by injunction from proceeding in other actions during the pendency of the suit in which the injunction is granted.” (Seaboard Nat. Bank v. Reid, 172 App. Div. 135, 137; Colson v. Pelgram, 259 N. Y. 370, 375, 376; Matter of Public Service Comm. v. Norton, 304 N. Y. 522.)
The difficulty with the instant case is that the court does not consider it is a “ proper case ” as referred to in the cases above cited. The plaintiff also cites section 167 (subd. 1, par. [b]) of the Insurance Law which it maintains might form the basis of an action by the defendants Stanton and Seitz against the *352 plaintiff or an action in favor of the defendant, Williams against the plaintiff. Plaintiff further claims that it will be placed in a dilemma because it is alleged the assured may default if an action is brought against him upon which the plaintiff may be liable. This court does not consider that such a probability should form the basis for the issuance of a stay nor that the authorities cited by the plaintiff would support such a contention. In any event it appeared affirmatively from the moving papers that no action has been commenced by the defendants, Stanton and Seitz, against the defendant, Williams, and the plaintiff can have the issues in this action tried out in Tompkins County without delay.
This court is satisfied that there is no reason for it to exercise its equitable powers to grant relief to plaintiff insofar as the defendants, Betty Stanton and Betty Seitz, are concerned. The motion for a further stay restraining the defendants, Betty Stanton and Betty Seitz, from instituting any civil action against the defendant, De Witt C. Williams, Sr., is denied, with $10 costs.
The cross motion of the defendants, Betty Stanton and Betty Seitz, to change the place of trial and vacate and set aside the temporary stay contained in the order to show cause and refusing a further stay is granted, with $10 costs.
An order in accordance herewith may be submitted.