Matthew J. Jasen, J.
Licensee seeks an order to require the State Liquor Authority to produce all records, reports and statements pertaining to him, doing business as Chez Ami, relative to an incident which is alleged to have occurred on March 20, 1965 and as a result thereof, revocation proceedings against the licensee are now pending.
*810 The State Liquor Authority cross-moves to dismiss the application pursuant to CPLR 404 on the ground that the licensee is not entitled to the relief sought.
It appears that on May 27,1965 the State commenced revocation proceedings against the licensee and that on September 16, 1965 a hearing was commenced at which time the State presented its proof. The hearing was adjourned until September 27,1965 for the purpose of giving the licensee an opportunity to produce certain witnesses and evidence in his behalf.
On or about September 21, 1965, the licensee had served on the State a subpoena duces tecum, requiring the State to produce all records, reports and statements pertaining to Mm relative to said incident of March 20, 1965.
On the adjourned date of the hearing, the hearing oEcer denied the request of the licensee for said records and reports, which resulted in this application to the court for an order.
It is well-established law that it is not within the jurisdiction of this court to interfere in the procedure before an administrative agency in a pending matter in which the agency has been granted the authority by statute to hear and determine and in which the court by statute has the power to review. (Matter of Wallach’s, Inc., v. Boland, 253 App. Div. 371, affd. 277 N. Y. 345; Matter of Liebman v. Van Denburg, 168 Misc. 155.)
In effect, what we have here is an application to review a ruling made during the course of a pending administrative hearing.
This court will not interfere in any pending matter properly before an administrative agency. However, at such time as the hearing is completed and a final determination is rendered, any error alleged to have been committed by the hearing oEcer is subject to review by this court pursuant to CPLR article 78. (Matter of Public Serv. Comm. v. Norton, 304 N. Y. 522, 530.) Application denied.