Guy A. Graves, J.
The petitioner herein moved by order to show cause for a temporary restraining order and preliminary injunction to prevent respondent from commencing a hearing until the petitioner is permitted to participate as a full party. The respondent herein cross-moved for a dismissal of the petition.
The instant proceeding seeks to set aside a determination made by the respondent to the effect that the petitioner was not a party as of right, but had sufficient legal standing to be a party by permission and that the petitioner would not have the power to cross-examine. The proceeding has been designated by the petitioner as an article 78 proceeding and further claims that the action of the respondent was arbitrary, capricious, an abuse of discretion, erroneous as a matter of law and in violation of lawful procedure. The determination which the petitioner seeks to overturn is embodied in a written letter of the respondent dated May 29,1974..
On the return date of the order to show cause, this court denied the petitioner’s request to stay the then pending proceeding before the Adirondack Park Agency.
The petitioner is a New York not-for-profit corporation whose general and avowed purpose is to protect the environment and the natural resources. It is not a directly affected or interested party as such a party is defined by section 581.15 of the Rules and Regulations of the Adirondack Park Agency (9 NYORR 581.15) which provides, in part as follows: “Public hearings on Class A and Class B regional projects, (a) * * * In addition, individual notice shall be mailed by certified mail to * * (3) any person having a substantial and tangible economic right or interest which might be directly affected by the decision of the agency concerning the project under review. * * * The agency shall determine on a project-by-project basis whether each person claiming such a right or interest does indeed possess such a right or interest and is entitled to individual notice of the hearing and shall inform such person in writing by certified mail of its determination. * * *
“ (d) Parties to a. public hearing shall include parties as of right and parties by permission. Parties as of right shall be the project sponsor, the agency staff and those adjacent landowners, public agencies and persons entitled to individual *159 notice under subdivision (a) of this section. Parties by permission shall be all those persons not parties as of right under subdivision (a) of this section having a right or interest in the hearing of such nature that their intervention is necessary to or would further the purpose of the hearing. Such a right or interest must include either (1) a demonstrable social, economic or environmental interest in the proposed project or in the potential impact of such project relative to the development considerations specified in section 581.9 of this Part or (2) expertise in some aspect of the project that is directly relevant to the ultimate decision of the agency. * * *
“ (j) All parties shall be afforded the opportunity to present evidence and argument. Parties as of right, consisting of the project sponsor, the agency staff, any agency or person entitled to individual notice pursuant to subdivision (a) of this section, and any other public agency, shall be afforded the opportunity to cross-examine witnesses on all relevant issues.”
In this respect it should be noted here that the petitioner’s attorneys are appearing as the attorneys for the Loon Lake Association and its members and that said association has been made, a party as of right, pursuant to section 581.15 of the Rules and Regulations of the Adirondack Park Agency (9 NYCRR 581.15), herein referred to with all the rights attendant to such party designation.
The claim that the petitioner is entitled to the same designation so that it can cross-examine witnesses is without merit. The petitioner has not cited any direct statutory authority or decision entitling it to be designated as a party as a matter of right.
The powers, duties and jurisdiction of the respondent are set forth in article 27 of the Executive Law. The promulgated rules and regulations relating to respondent’s review of projects pursuant to section 809 of the Executive Law are found in part in Part 581 of the Rules and Regulations of the Adirondack Park Agency (9 NYCRR Part 581). Nowhere in either statutes and rules referred to above is the respondent required, authorized or directed to grant a “ party by permission ” the right of cross-examination at a public hearing held pursuant to section 809 of the Executive Law.
The nature of the petitioner’s interest in the subject matter is one of general interest to preserve natural resources and the environment. The respondent agency’s determination was not arbitrary or capricious nor beyond its. authority. The agency had the authority to exercise its discretion in permitting the *160 petitioner to be a party by permission. A party by permission does not have the same statutory rights accorded a party as of right. The petitioner having failed to demonstrate that it is a party of right by statute or rule, the application must fail at this stage of the proceeding.
An article 78 proceeding is not available where the matter sought to be reviewed is a decision or determination rendered during the progress of an administrative hearing or where a discretionary act is involved that does not necessarily finally determine the pending matter. (See Matter of Public Serv. Comm. of State of N. Y. v. Norton, 304 N. Y. 522, 530; Matter of Feldman v. Department of State of State of N. Y., 28 A D 2d 1106; Matter of Amigone v. State Liq. Auth., 47 Misc 2d 809.)
This court will not interfere in a pending matter properly before the agency where the party involved is one that is a party by permission and not of right. The matters raised here can be preserved on the record before the agency and can be reviewed once a final determination is made.
The application of the petitioner is accordingly denied and the cross motion of the respondent is granted.