In the Matter of ANDRE TAIBBI et al., Respondents, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.

Fourth Department, July 10, 1975

*William E. Bandon* and *Joseph F. Reina* for appellant.

*Condon, Klocke, Ange, Gervase & Sedita (Joseph Sedita* of counsel), for respondents.

WITMER, J. The New York State Liquor Authority appeals from an order of the Supreme Court, Erie County, Special Term, granting petitioners' motion that the authority (1) be required to furnish to petitioners a statement made by Ms. Elizabeth Ann Trudel to the authority on December 9, 1974 and a confidential report concerning Ms. Trudel in the authority's file dated January 7, 1975, (2) be required to make available to petitioners' attorney said Ms. Trudel for the purpose of permitting petitioners to take her oral deposition, and (3) be stayed from proceeding with a hearing on its charges of misconduct against petitioners in the use of their licensed premises. The charges in part grew out of statements by said Ms. Trudel that under the aegis of a police officer she had sexual relations with a large number of persons in the banquet room above the bar of petitioners' tavern at 836 Niagara Street in the City of Buffalo, and that she also had sexual relations there with one of petitioners. The authority

seeks to conduct a hearing to determine the truth of the charges and whether petitioners should be disciplined by revocation, cancellation or suspension of their liquor license.

In preparation for such hearing, petitioners' attorneys did some investigating of their own, and in support of their discovery motion they have submitted affidavits tending to show that Ms. Trudel is a prostitute, a user of drugs and a pathological liar. They further assert that the authority has sworn statements and reports to substantiate their assertion of Ms. Trudel's character and traits, and that such statements and reports will be invaluable to them in meeting the authority's charge against them upon the hearing.

It appears that prior to making their motion for a discovery order petitioners demanded of the authority that it deliver such materials to them at least 10 days before the hearing of the charges against petitioners. In response to that demand the authority wrote a letter to petitioners' attorney setting forth certain details of the charges and assuring petitioners that upon the hearing after its witnesses have testified all written statements and other material, not privileged, which it has from or concerning such witnesses will be made available to petitioners for use on cross-examination. That offer was unacceptable to petitioners and so they applied for and obtained the order from which the authority appeals. The order contains directives for the City of Buffalo as well as the State Liquor Authority, but only the latter has taken an appeal.

We find that the order, insofar as appealed from, is erroneous in three respects. First, assuming that in some circumstances the court may have jurisdiction to interfere in an administrative hearing such as the authority contemplates conducting on these charges, the court should not before such hearing order disclosure of statements by witnesses whom the authority plans to call. In *Matter of Garabedian v New York State Liq. Auth.* (33 AD2d 980, 981) we held: "In *People v Rosario* (9 NY2d 286, 289) however, it was held that in a criminal trial a defendant is entitled to examine any pretrial statement of a witness as long as the statement relates to the subject matter of the witness' testimony and is not confidential. We conclude that a similar rule should be applied in this proceeding which, at least in form, is not of a criminal character but, like a criminal proceeding, is brought to penalize for the commission of an offense against the law. (*Matter of Finn's Liq. Shop v State Liq. Auth.,* 24 NY2d 647, 653; see,

also, *Matter of Rothenberg v Board of Regents,* 267 App Div 24.) There should be a new hearing at which the reports of any police officers testifying thereat should be made available to petitioners prior to the commencement of cross-examination." (And see *United States v Nobles,* 422 US 225.)

Second, Special Term erred in requiring the authority to produce Ms. Trudel as a witness for petitioners to examine before trial. There is no showing that the witness is employed by the authority or is under its control. Under such circumstances the most that can be required of the authority is that if it knows of Ms. Trudel's address and petitioners need it, the authority may be directed to furnish it to petitioners. Petitioners may then make application in the usual manner for permission to examine her as a witness before trial, upon a proper showing (see *Braswell v Birch Props.,* 42 AD2d 1028).

Third, the court also erred in staying the authority in the performance of its official duties, that is, of policing its licensees and conducting hearings with respect to licensees who it has reason to believe should be disciplined *(Oleshko v New York State Liq. Auth.,* 29 AD2d 84, affd on the opinion at the Appellate Division, 21 NY2d 778; *Matter of Amigone v State Liq. Auth.,* 47 Misc 2d 809).

The court should not assume that the administrative agency will act in an unlawful, arbitrary or improper manner. At the hearing, after the authority's witnesses have testified, petitioners will have the privilege of cross-examining those witnesses, with the aid of the witnesses' prior statements, and, if need be, may ask for a reasonable adjournment before the hearing is concluded. After the authority has made its ruling, petitioners, if aggrieved, will have ample opportunity to have it judicially reviewed. As stated by Mr. Justice JASEN (as he then was) in *Matter of Amigone v State Liq. Auth. (supra,* p 810):

"It is well-established law that it is not within the jurisdiction of this court to interfere in the procedure before an administrative agency in a pending matter in which the agency has been granted the authority by statute to hear and determine and in which the court by statute has the power to review. *(Matter of Wallach's, Inc., v Boland,* 253 App Div 371, affd 277 NY 345; *Matter of Liebman v Van Denburg,* 168 Misc 155.) * * *

"However, at such time as the hearing is completed and a final determination is rendered, any error alleged to have

been committed by the hearing officer is subject to review by this court pursuant to CPLR article 78. *(Matter of Public Serv. Comm. v Norton,* 304 N.Y. 522, 530.)" (Accord, *Oleshko v New York State Liq. Auth.,* 29 AD2d 84, affd 21 NY2d 778, *supra).*

Accordingly, the order should be reversed and the motion denied.

MARSH, P. J., CARDAMONE, SIMONS and GOLDMAN, JJ., concur.

Order unanimously reversed without costs and motion denied.