■ In the Matter of JAIME VALLE, Petitioner, v RUTH E. MOSKOWITZ et al., Respondents.—Proceeding pursuant to CPLR article 78 to (1) prohibit the respondents from conducting any further proceedings in the matter of *People v Valle* (Kings County indictment No. 15613/89) until his pretrial motion to dismiss the indictment is decided, (2) compel the respondents District Attorney Charles Hynes and Assistant District Attorney Anne Gutmann to submit an answer to the motion to dismiss, and (3) compel the respondent Justice Ruth E. Moskowitz or the respondent Justice Sheldon Greenberg to conduct an evidentiary hearing upon the motion to dismiss.

Adjudged that the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged —acts or threatens to act either without jurisdiction or in excess of its authorized powers" *(Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). Further, the "extraordinary remedy of prohibition is never available merely to correct or prevent trial errors of substantive law or procedure, however grievous" *(La Rocca v Lane,* 37 NY2d 575, 579, *cert denied* 424 US 968), nor is it available if there exists "an adequate remedy, by way of appeal or otherwise" *(Matter of Molea v Marasco,* 64 NY2d 718, 720; *see, Matter of Morgenthau v Erlbaum,* 59 NY2d 143, *cert denied* 464 US 993). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought *(see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16).

The petitioner here has failed to demonstrate a clear legal right to any of the remedies sought. We particularly note that his pretrial motion to dismiss was made well beyond 45 days after arraignment and was thus untimely *(see,* CPL 255.20). Therefore, the court did not act in excess of its jurisdiction when it refused to consider the motion, and the People were not required to respond to the motion. We further note that several of the claims found in the petitioner's motion to dismiss can be raised in a proper post-judgment motion or upon appeal from his conviction. For these reasons, the ex-

traordinary remedies of a writ of prohibition and/or mandamus do not properly lie and the proceeding must be dismissed. Mangano, P. J., Thompson, Bracken, Sullivan and Harwood, JJ., concur.