■ In the Matter of YVONNE BROWN, Appellant, v RALPH A. ERBAIO, Respondent. [609 NYS2d 297] —In a proceeding pursuant to CPLR article 78 to review evidentiary rulings made by the respondent Ralph A. Erbaio during a hearing on the petitioner's request to expunge a report maintained in the New York State Central Register of Child Abuse and Maltreatment, and, inter alia, to compel the respondent to expunge the report, the petitioner appeals, as limited by the brief, from so much of a judgment of the Supreme Court, Westchester County (LaCava, J.), dated October 1, 1991, as, upon reargument, adhered to the original determination in a judgment dated July 30, 1991, dismissing the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the petitioner's contention, we find that the Supreme Court did not err in dismissing her petition. A proceeding pursuant to CPLR article 78 may not be used to challenge a determination "which is not final" (CPLR 7801 [1]), and a court will not " 'interfere in the procedure before an administrative agency in a pending matter in which the agency had been granted the authority by statute to hear and review' " *(Matter of Taibbi v New York State Liq. Auth.,* 48 AD2d 568, 571, quoting *Matter of Amigone v State Liq. Auth.,* 47 Misc 2d 809, 810; *see also, Matter of Rainka v Whalen,* 73 AD2d 731, *affd* 51 NY2d 973). Accordingly, the Supreme Court properly determined that it could not review evidentiary rulings made by the respondent Administrative Law Judge prior to the conclusion of the expungement hearing and a final agency determination.

Furthermore, the court correctly concluded that the petitioner was not entitled to mandamus relief. It is well settled that the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exits a clear legal right to the relief sought *(see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16; *Matter of Valle v Moskowitz,* 186 AD2d 572). Since the petitioner failed to demonstrate that the respondent was under a legal duty to grant her motion to expunge the report of suspected child abuse prior to the completion of the hearing, she did not sustain her burden of establishing a "clear legal right" to mandamus relief.

Finally, we note that while we are mindful of the fact that the United States Court of Appeals for the Second Circuit recently concluded that the State's statutory procedures are not constitutionally adequate to protect the liberty interest of those individuals whose names are included on the New York State Register of Child Abuse and Maltreatment *(see, Valmonte v Bane,* 18 F3d 992), its ruling does not directly affect our determination that the petitioner's proceeding pursuant to CPLR article 78 was prematurely commenced. Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.