■ In the Matter of HILARY A. BEST, Petitioner, v STATE OF NEW YORK et al., Respondents. [787 NYS2d 659]—Proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, to prohibit the respondents from applying article 6-C of the

Correction Law to the petitioner. Motion by the petitioner for leave to prosecute the proceeding as a poor person and to enjoin the respondents from applying article 6-C of the Correction Law to him pending hearing and determination of the proceeding.

Ordered that the branch of the motion which is for leave to prosecute the proceeding as a poor person is granted only to the extent that the filing fee is waived and that branch of the motion is otherwise denied; and it is further,

Ordered that the motion is otherwise denied as academic; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue,* 68 NY2d 348, 352 [1986]). The petitioner has failed to demonstrate a clear legal right to the relief sought (*see Matter of Williams v Zambelli,* 267 AD2d 243 [1999]; *Matter of Valle v Moskowitz,* 186 AD2d 572 [1992]). Ritter, J.P., Krausman, Mastro and Spolzino, JJ., concur.