ALICE JANE STRAUCH, by Her Guardian ad Litem, HANS KNEPPER, Respondent, v. THE TOWN OF OYSTER BAY, NASSAU COUNTY, NEW YORK, Defendant, and HENRY SCHNEPF, Appellant.— In an action brought to recover damages for personal injuries alleged to have been caused by a defect in a sidewalk abutting a certain road in the town of Oyster Bay, Nassau county, order, in so far as appealed from, modified on the law so as to provide that the motion of defendant Henry Schnepf for judgment on the pleadings under rule 112 of the Rules of Civil Practice, be granted, and the amended complaint dismissed as against said defendant, with ten dollars costs. As so modified, the order is affirmed, with ten dollars costs and disbursements to the appellant. The appellant's answer alleges, and the reply admits, that at the time of the happening of the accident Glen Head road was a county road. Subdivision a of section 12–4.0 of the Nassau County Administrative Code (Laws of 1939, chap. 272) provided that the county shall have sole jurisdiction over county roads. The exception made in subdivision b of the same section, in the case of village sidewalks, shows clearly that the general provision is intended to include sidewalks on county roads. That which is not embraced within the exception must be deemed to be within the scope of the general rule. (*Matter of Hering*, 133 App. Div. 293; affd., 196 N. Y. 218; *Matter of Deth* v. *Castimore*, 245 App. Div. 156.) A contrary provision is to be found in subdivision 18 of section 140 of the Highway Law (Laws of 1939, chap. 266). The special law prevails over the general in the locality to which it applies. (*People ex rel. Leet* v. *Keller*, 157 N. Y. 90, 96.) Moreover, the statutes were enacted simultaneously and should, therefore, be so construed as to give effect to each. (*McMaster* v. *Gould*, 240 N. Y. 379.) These rules of construction require us to hold that the foregoing section and subdivision of the Highway Law are not applicable in Nassau county. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

SYLVIA SUFFIN, Appellant, v. M. BINKOVITZ & SONS, INC., and Others, Respondents.— Order denying the plaintiff's motion for a new trial upon the ground of newly-discovered evidence, and upon the further ground that the evidence given upon the trial was contrary to fact, unanimously affirmed, with costs. No opinion. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.