Arthur C. Aulisi, J.
Third-party plaintiff Edward Dybas makes this motion for an order directing third-party defendant Sears, Roebuck and Co. to produce its employee Francis Savage as a witness at an examination before trial pursuant to CPLR 3101 (subd. [a], par. [1]). Concededly, Francis Savage is an employee of Sears and was a passenger in Sears’, truck at the time of the automobile accident giving rise to these actions and moved the truck after the accident occurred.
Stephen Jaquay, Sears’ employee and driver of the truck, has been examined before trial by Dybas. Therefore, Sears contends that the latter is not entitled to examine Francis Savage. *180 unless Dybas proves to the court that Stephen Jaquay did not have sufficient knowledge of the facts and circumstances of the action. Sears cites Besen v. C. P. L. Yacht Sales (34 A D 2d 789) in support of its contention.
The Besen case is distinguishable from the case at bar. Beseri deals with the examination of a corporate party involving corporate records. In such situation, the corporation generally has the initial option of whom it will assign to make the disclosure. Presumably, it will dispatch someone with knowledge of the facts. If the corporation sends someone who cannot testify to the facts, instead of someone on the corporate roster who has knowledge of the facts, the adverse party can insist on disclosure from the latter.
In this case, the motion is not to examine Francis Savage relative to any corporate records because of insufficient knowledge on the part of Stephen Jaquay. The disclosure sought here concerns Savage’s own personal knowledge about the accident and surrounding facts since he was in the truck at the time of the accident and moved the truck following the accident. His testimony is material and necessary, and, as an employee of Sears, Francis Savage’s examination is mandated by CPLR 3101 (subd. [a], par. [1]), which must be liberally interpreted. (Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403.)
The liberal construction of CPLR 3101, however, cannot be extended to include the examination of Delores Dybas as requested by Sears. The statute clearly sets forth the circumstances under which the testimony of a witness may be taken. “ Control ” of the proposed witness by the party against, whom disclosure is sought is the key factor under CPLR 3101 (subd. [a], par. [1]). Delores Dybas is not in the control of third-party plaintiff Dybas nor is she a party to the actions. She was only a passenger in the Dybas vehicle at the time of the accident. She does not come within the requirements of paragraph (3), nor are any facts alleged in the moving papers which would bring her within the scope of the ‘ ‘ adequate special circumstances ” referred in paragraph (4) of subdivision (a). Therefore, the relief sought by Sears to require Edward Dybas to produce Delores Dybas is not available to the third-party defendant.
Accordingly, the motion of third-party plaintiff Dybas is granted and third-party defendant Sears is directed to produce its employee Francis Savage to be examined as a witness at Supreme Court Chambers, Amsterdam, New York, on September 12,1973 at 10:00 a.m. or at such other place as the parties may designate in the order to be -submitted hereon.