### (October 26, 1973)

■ BARBARA M. CLARKSON, Appellant-Respondent, v. DAVID M. CLARKSON, Respondent-Appellant.— Order unanimously affirmed, without costs. Memorandum: In affirming we observe (1) The informal agreement with respect to property and support for the two children was meant to be and was merged into the order of February 23, 1971 and the judgment of divorce of March 25, 1971. Hence, the court retains full power to reconsider plaintiff's right to and need of alimony from time to time (McMains v. McMains, 15 N Y 2d 283, 285–287). The record shows that plaintiff is in good health, well educated and is a qualified school teacher. "A wife is not entitled to a share of her husband's income as such nor is there a right to escalation [of property settlement or alimony] as the husband prospers but she must have minimum support" (McMains v. McMains, supra, p. 288). In light of the circumstances of the separation and divorce herein and the conveyance of property by defendant to plaintiff, accepted by her without provision for alimony payments, plaintiff may only obtain modification of the decree to provide for payment of alimony upon a showing that she has inadequate earning capacity and funds to support herself in accordance with the standard of living which she enjoyed before the divorce. (2) The record does not support the statement made at Special Term that the older son is emancipated. (Appeals from order of Onondaga Trial Term in motions to modify judgment of divorce.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.

■ JUANITA BRASWELL, as Administrator of the Estate of NEWMAN BURNETT, Deceased, Appellant, v. BIRCH PROPERTIES, INC., Respondent.— Order unanimously modified in accordance with Memorandum and as so modified affirmed, without costs. Memorandum: Plaintiff appeals from an order at Special Term which granted defendant's motion for an oral examination of one Ada Wilson, a witness, who was shown to have been present in decedent's premises at the time of his death which was allegedly caused by defendant's negligence in permitting gas fumes to escape therein. Adequate special circumstances were shown for disclosure by Wilson to satisfy the requirements of CPLR 3101 (subd. [a], par. [4]) but she was not shown to be under defendant's control and subject to examination under CPLR 3101 (subd. [a], par. [1]). The provision of the order which directed plaintiff to assist and co-operate in locating and producing Wilson at the examination before trial is not authorized and the third ordering paragraph which so provides should be stricken (Gallup v. Dybas, 75 Misc 2d 179). A provision should be added to the order determining that there are adequate special circumstances to require disclosure by Ada Wilson and that plaintiff should disclose her whereabouts to defendant (see Zellman v. Metropolitan Transp. Auth., 40 A D 2d 248; Wolken v. Howell Co., 41 A D 2d 545; Sanfilipo v. Baptist Temple, 52 Misc 2d 767), so that it might, if so advised, subpoena her for the purpose of taking her testimony by deposition (CPLR 3106). (Appeal from order of Erie Special Term granting motion for examination before trial in wrongful death action.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.