■ ROBERT NODELMAN et al., Appellants, v L.C.V. REALTY CORPORATION et al., Defendants, and MOBIL OIL CORPORATION et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated March 31, 1987, as granted the motion of the County of Nassau for summary judgment dismissing the complaint and all cross claims as against it, granted the cross motion of Mobil Oil Corporation for summary judgment dismissing the complaint and all cross claims as against it, and denied those branches of the plaintiffs' cross motion which was to compel certain discovery of the defendants County of Nassau and Mobil Oil Corporation.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the defendant County of Nassau's motion and substituting therefor a provision denying that motion, (2) deleting the provision thereof granting the defendant Mobil Oil Corporation's cross motion and substituting therefor a provision denying that cross motion, and (3) deleting the provision thereof denying that branch of the plaintiffs' cross motion which was to compel certain disclosure by the defendant Mobil Oil Corporation and substituting therefor provisions granting that branch of the cross motion and directing Mobil (a) to submit to the plaintiffs a complete copy of its retail dealer contract with the defendant Ronald Geraci, doing business as M.R.S. Service Center, and (b) to produce for an examination before trial, upon written notice of not less than 20 days, its employee, Theodore Lawton, at which time he is to produce the one-page job statement and three-inch binder pertaining to his duties when visiting a Mobil gas station; and as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs by the respondents.

The plaintiffs allege that while the plaintiff Robert Nodelman was driving in the left lane of a roadway in the County of Nassau, his vehicle was struck by a vehicle driven by the defendant Dominic Mazzone. The Mazzone vehicle had allegedly swerved into the left lane from the right lane purportedly to avoid hitting a 55-gallon steel oil drum that was in the roadway, adjacent to the property of a "Mobil" gas station. This gas station was owned by the defendant L.C.V. Realty

Corporation and operated by the defendant Ronald Geraci. The plaintiffs brought suit against the aforementioned defendants, as well as the County of Nassau and Mobil Oil Corporation (hereinafter Mobil).

The county moved for summary judgment dismissing the complaint and cross claims as against it on the ground that the plaintiffs had not provided written notice of the allegedly dangerous condition in the roadway, as required by Nassau County Administrative Code § 12-4.0 (e). However, the county concedes that prior written notification is not required if the dangerous condition "existed for so long a period that [it] should have been discovered and remedied in the exercise of reasonable care and diligence" (Highway Law § 139 [2]; *see, Carlino v City of Albany,* 118 AD2d 928, *lv denied* 68 NY2d 606). The affidavits submitted by the plaintiffs in opposition to the county's motion do raise a triable issue of fact as to whether the county had constructive notice of the oil drum in the roadway, thereby warranting denial of the county's motion.

With respect to Mobil's cross motion for summary judgment dismissing the complaint and cross claims as against it, we find that facts essential to oppose the cross motion may exist but could not be stated by the plaintiffs because of Mobil's failure to comply with certain discovery requests made by the plaintiffs. Accordingly, Mobil's cross motion should be denied at this juncture in the proceedings. Under the circumstances, that branch of the plaintiffs' cross motion which was to compel certain disclosure by Mobil should be granted and Mobil is directed (1) to submit to the plaintiffs a complete copy of its retail dealer contract with the defendant Ronald Geraci, doing business as M.R.S. Service Center, and (2) to produce for an examination before trial, upon written notice of not less than 20 days, its employee, Theodore Lawton, who serviced the Mobil gas station in question, at which time he is to produce the one-page job statement and three-inch binder pertaining to his duties when visiting a Mobil gas station *(see, Gallup v Dybas,* 75 Misc 2d 179; *Parrish & Co. v Applestein,* 28 AD2d 979; *cf., Besen v C. P. L. Yacht Sales,* 34 AD2d 789). Brown, J. P., Lawrence, Weinstein and Balletta, JJ., concur.