■ LOUISE CAMERA, as Administratrix of the Estate of VIRGINIA CAMERA, Deceased, Appellant, v ROBERT S. BARRETT et al., Defendants, and COUNTY OF PUTNAM, Respondent.—In an action to recover damages for wrongful death and personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Putnam County (Dickinson, J.), dated February 22, 1988, which granted the motion of the defendant County of Putnam for summary judgment dismissing the complaint insofar as it is asserted against it, and (2) as limited by her brief, from so much of an order of the same court, dated May 3, 1988, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated February 22, 1988 is dismissed, as that order was superseded by the order dated May 3, 1988, made upon reargument; and it is further,

Ordered that the order dated May 3, 1988 is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff's decedent was fatally injured in a two-vehicle accident on December 21, 1983, on Baldwin Place Road in the Town of Carmel. The instant action was commenced in 1984. The plaintiff's complaint alleges that the decedent's injuries were caused, in part, by the negligence of the County of Putnam in failing to remove ice from the road or to properly salt and sand the road, failing to warn of an inherently dangerous condition, and permitting a dangerous condition to exist without taking any steps to alleviate it.

After issue was joined, discovery was completed and jury selection had begun, the defendant county moved in February 1988 for summary judgment on the ground that the plaintiff failed to comply with Local Laws, 1983, No. 6 of the County of

Putnam requiring prior written notice of a defect as a precondition to liability. In support of the motion, the defendant county submitted affidavits from the Clerk of the Putnam County Legislature and the Commissioner of Highways and Facilities of the County of Putnam attesting to the plaintiff's failure in this regard. In her opposition to the county's motion for summary judgment, the plaintiff essentially conceded that the required prior written notice had not been given. However, failure to plead and prove such notice will be excused where the municipality has created the condition complained of or has committed affirmative acts of negligence which precipitated the accident (see, e.g., Rodriguez v County of Suffolk, 123 AD2d 754; Lacey v Horan, 119 AD2d 806, 807). The plaintiff's opposition papers consisted of her attorney's affirmation which alleged that the defendant county, by its affirmative action in negligently designing and constructing a drainage ditch adjacent to the roadway where the accident occurred, caused the dangerous condition which contributed to the accident. The negligent construction allegedly caused the runoff of surface water on the roadway leading to the formation of ice. The plaintiff also offered an affidavit of a professional engineer who was of the opinion that the drainage ditch which had been recently reconstructed "violated good and acceptable engineering standards" and resulted in the icing condition at the site of the accident.

The Supreme Court, in granting the motion for summary judgment dismissing the complaint as against the county, concluded that the prior notice provision of the local law was constitutional and concededly had not been complied with by the plaintiff. It found that the plaintiff's allegations regarding the negligent design and construction of the drainage ditch were insufficient to establish the type of affirmative negligence required to fit within an exception to the prior written notice provision of the local law. Upon reargument, the Supreme Court adhered to its prior determination.

We affirm but for different reasons. The county correctly notes that the complaint alleged only passive negligence (i.e., failure to remove ice, to properly sand and salt and to warn of a dangerous condition and permitting surface water to accumulate and freeze) as opposed to active negligence (i.e., reconstructing the drainage ditch in a manner that affirmatively created a hazardous condition). The mere failure to remove ice and snow from a public roadway is insufficient to establish the type of affirmative negligence necessary to exempt the case from the prior written notice requirement (see, e.g., Banta v

*County of Erie,* 134 AD2d 839; *Rodriguez v County of Suffolk, supra).* The allegation of defective construction does not describe the type of nonfeasance on the part of the county leading to a defective condition which would preclude a finding of liability in the absence of prior written notice. Nevertheless, we conclude that the plaintiff should not be permitted to proceed on her claim of affirmative negligence because the county had no notice that the plaintiff would proceed on this theory until the instant motion was made. Permitting the plaintiff to assert a claim of affirmative negligence nearly three years after the action was commenced, after discovery was completed, and after jury selection had begun would prejudice the county *(see, Taylor v Sefcheck,* 96 AD2d 1144; *cf., Kiernan v Thompson,* 134 AD2d 27; *Guest v City of Buffalo, Dept. of Sts. Sanitation,* 109 AD2d 1080). Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.