■ LORRAINE BERNARDO, Respondent, v COUNTY OF NASSAU, Appellant.—In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated August 5, 1988, as denied its cross motion (1) for leave to amend its answer to interpose the defense of lack of personal jurisdiction, and (2) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contentions, the Supreme Court properly determined that the defense of lack of in personam jurisdiction had been waived by virtue of the defendant's failure to interpose it in its answer or by way of a preanswer motion to dismiss *(see, e.g., Addesso v Shemtob,* 70 NY2d 689, 690). Moreover, in denying that branch of the defendant's cross motion which was to dismiss the complaint for failure to state a cause of action based on lack of written notice of the allegedly dangerous condition resulting in the accident, the Supreme Court correctly found that Nassau County Administrative Code § 12-4.0 (e) should be construed in accord with Highway Law § 139 (2), which allows for tort recovery based on constructive notice where written notice is lacking *(see, Nodelman v L.C.V. Realty Corp.,* 143 AD2d 122; *Carlino v City of Albany,* 118 AD2d 928, *lv denied* 68 NY2d 606). Viewing the allegations of the complaint as true and deeming the complaint "to allege whatever can be imputed from its statements by fair and reasonable intendment" *(see, Pace v Perk,* 81 AD2d 444, 449), the complaint may be properly construed as asserting that the county had constructive notice of the allegedly dangerous condition. Kooper, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.