OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Plaintiff Thomas C. Monteleone was injured when a low-lying branch overhanging the sidewalk hit him in the eye, while he was walking on a sidewalk in the respondent Village of Floral Park. Thomas’ father then commenced this negligence action on his son’s behalf. Section 57-1 of the Code of the Village of Floral Park, patterned after the prior notice statute in Village Law §6-628, provides that no civil action shall be brought against the Village as a result of an accident caused by a sidewalk "being defective * * * unsafe, dangerous or obstructed” unless the Village Clerk had received written notice of the condition prior to the occurrence of the accident, and the Village failed to correct the condition within a reasonable period. The courts below properly dismissed plaintiff’s complaint on the ground that the low-lying tree branch was an obstructed condition within the meaning of the Village’s prior notice statute, and the Village had received no notice of that condition, as required, before plaintiff’s accident. Our decisions in Alexander v Eldred (63 NY2d 460) and Doremus v Incorporated Vil. of Lynbrook (18 NY2d 362) do not hold to the contrary. In those cases, we refused to hold that a defective or missing traffic sign was a defective condition within the meaning of the prior notice statutes. We also emphasized that prior written notice statutes should be strictly construed and refer "to physical conditions in the streets or sidewalks * * * which do not immediately come to the attention of the village officers unless they are given actual notice thereof.” (Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362, 366, *919 supra.) Because this low-lying branch creates a condition which would not immediately come to the attention of the Village officers unless they were given actual notice thereof, the prior notice statute applies.
Moreover, the Village’s planting of, and subsequent failure to prune, the tree that injured plaintiff did not constitute affirmative negligence rendering the Village’s prior notice statute inapplicable (see, Muszynyski v City of Buffalo, 33 AD2d 648, affd on opn below 29 NY2d 810). At most, the Village’s conduct amounted to nonfeasance (compare, Radicello v Village of Spring Val., 115 AD2d 466 [municipality’s mere failure to remove snow and ice from sidewalk is not affirmative negligence], with Siddon v Fishman Co., 65 AD2d 832, lv denied 46 NY2d 714 [prior notice statute requirement held inapplicable where plaintiff was injured climbing over snow piled by municipality between parking meters]).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.