■ JOSEPH BUCCELLATO et al., Appellants, v COUNTY OF NASSAU et al., Respondents.—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On December 17, 1984, Joseph Buccellato was injured when, while driving his automobile on Wall Bridge Lane, he lost control of the vehicle and struck a tree, sustaining personal injuries. Edith Buccellato, his wife, seeks damages for loss of consortium. The action was commenced in May 1985.

It is not disputed that no prior written notice was received by either defendant as to the alleged defective condition of the roadway. Since it is well settled that no action may be maintained against a municipality to recover damages for personal injuries occurring as the result of a dangerous condition on any highway unless prior written notice has been provided (see, Nassau County Administrative Code § 12-4.0 [e]; Village Law § 6-628; Monteleone v Village of Floral Park, 74 NY2d 917; Laing v City of New York, 71 NY2d 912, 914; Camera v Barrett, 144 AD2d 515; O'Rourke v Town of Smithtown, 129 AD2d 570, 571), the plaintiffs' complaint was properly dismissed. The only exceptions to the above rule involve situations where a municipality's actions constitute affirmative negligence (see, Monteleone v Village of Floral Park, supra; Gormley v County of Nassau, 150 AD2d 342), and limited instances where the municipality had constructive notice of the dangerous condition (see, Bernardo v County of Nassau, 150 AD2d 320; Nodelman v L.C.V. Realty Corp. 143 AD2d 122, 123).

Under these circumstances, it was incumbent upon the plaintiffs, in opposing the defendants' motions for summary judgment, to establish by evidentiary proof in admissible form either affirmative negligence by the defendants or that they had constructive notice of the dangerous condition (see, Zuckerman v City of New York, 49 NY2d 557, 562). In other words, the plaintiffs had to show either that notice was unnecessary because the defendants themselves created the dangerous condition, or that the condition existed for so long a period that it should have been discovered and remedied in the

exercise of reasonable care *(see, Nodelman v L.C.V. Realty Corp., supra).*

Failure to remove ice from the road or to salt and sand it, as well as failure to warn of a dangerous condition, are acts of omission. They are not acts of affirmative negligence which would exempt the case from the prior written notice requirement *(see, Camera v Barrett, supra; Rodriguez v County of Suffolk,* 123 AD2d 754). Moreover, the plaintiffs have failed to establish constructive notice. None of the proffered evidence, to wit, Nassau County Police Department records of other accidents reported at the same sites between January 14, 1983 and December 27, 1984, an unsworn statement of a local tow truck operator that he averages 30 tow calls a year from the site, and testimony at an examination before trial that the last time there was sanding and snow removal on the road was on December 7, 1984, speaks directly to the issue in question. There is no information as to the cause of the alleged prior accidents or as to the similarities of those accidents with the accident at bar. Further, no evidence of the level of precipitation, if any, for the period between December 7, 1984 and December 17, 1984 was ever proffered.

Finally, the plaintiffs' contention that Nassau County Administrative Code § 12-4.0 (e) is unconstitutional is without merit *(see, Holt v County of Tioga,* 56 NY2d 414, 419-420). Mangano, J. P., Kunzeman, Eiber and Kooper, JJ., concur.