■ BESS D. ZASH, Respondent, v COUNTY OF NASSAU, Appellant.—In an action to recover damages for personal injuries, the defendant County of Nassau appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), dated June 2, 1989, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $37,500.

Ordered that the judgment is reversed, on the law, with costs, and the action is dismissed.

The plaintiff sustained injuries when she fell because of a defective condition existing in a sidewalk adjacent to a county road in the Town of Hempstead in Nassau County. The County of Nassau, in its appeal from the judgment in favor of the plaintiff, contends that the Supreme Court should have dismissed the complaint upon motion due to the plaintiff's failure to provide proof of prior written notice of the defect in the sidewalk as required by Nassau County Administrative Code § 12-4.0 (e). That section, as it existed at the time of the accident, provided that: "No civil action shall be maintained against the County for damages or injuries to person or property sustained by reason of any sidewalk, curb or gutter located on a county road outside of incorporated villages and cities being defective * * * unless written notice of such defective * * * condition of such sidewalk, curb or gutter * * * was actually given to the commissioner of public works and there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect".

The plaintiff responds that Nassau County Administrative Code § 12-4.0 (e) must be construed in accord with Highway Law § 139 (2) which allows for tort recovery based on constructive notice where written notice is lacking. Thus, she avers that the Supreme Court properly instructed the jury relative to actual notice and constructive notice and refused to charge the provisions of Nassau County Administrative Code § 12-4.0 (e).

Resolution of this issue turns on certain principles of statutory construction. Legislative enactments requiring prior written notification, being in derogation of common law, should be strictly construed (see, e.g., Monteleone v Incorporated Vil. of Floral Park, 74 NY2d 917, 918; Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362, 366; Englehardt v Town of Hempstead, 141 AD2d 601, 602). Thus, the courts are cautioned against broadening a statute by judicial legislation (see, Johnstown Leather Corp. v City of Gloversville, 56 AD2d 345, 347). However, a statute should not be given a strained interpreta-

tion to defeat its obvious intent *(see, Englehardt v Town of Hempstead, supra; Johnstown Leather Corp. v City of Gloversville, supra).* The statute in issue expressly related to sidewalks, curbs or gutters. It made no reference to highways, bridges or culverts as does Highway Law § 139 (2). While sidewalks have been held to be within the meaning of the term highway *(see, Combs v Incorporated Vil. of Freeport,* 139 AD2d 688; *Williams v State of New York,* 34 AD2d 101, 104; *see generally,* 64 NY Jur 2d, Highways, Streets and Bridges, §§ 1, 6), it is noteworthy that the statutory notice provisions of Second Class Cities Law § 244, Village Law § 6-628 and Town Law § 65-a, which are substantially similar to the statute at issue, make specific reference to sidewalks as distinct from streets or highways. Unlike those provisions, Highway Law § 139 (2) makes no express reference to sidewalks. Thus, it cannot be said that the Legislature intended to extend the County's liability for injuries resulting from defective sidewalks by allowing for constructive notice rather than written notice of the alleged defect. A well-known principle of statutory interpretation is that the specific mention of one thing implies the exclusion of other things *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 240; *Strauch v Town of Oyster Bay,* 263 App Div 833). The Legislature could have specifically included sidewalks within the classes of defects for which the constructive notice requirement was applicable. It did not. Highway Law § 139 is a general law because it applies to all counties in the State *(see, Holt v County of Tioga,* 56 NY2d 414, 418). Nassau County Administrative Code § 12-4.0 (e) creates a special law applicable to sidewalks along county roads in Nassau County. This section evinces an obvious concern on the part of Nassau County not to extend its liability for nonfeasance on the basis of defective sidewalk conditions that would not normally come to its attention absent written notice *(compare,* Town Law § 65-a [2]). This special statute should be interpreted to take precedence over any contrary provision implied in the general statute *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 397; *Strauch v Town of Oyster Bay, supra).* Any suggestion to the contrary in our prior decisions in *Bernardo v County of Nassau* (150 AD2d 320) or *Nodelman v L.C.V. Realty Corp.* (143 AD2d 122) must be rejected as not binding in this case. *Bernardo* and *Nodelman* are distinguishable from the instant case as they each involved injuries resulting from defects in the roadway and were, therefore, clearly governed by Highway Law § 139. Significantly, Nassau County Administrative Code § 12-4.0 (e)

was amended by Local Law, 1983, No. 10 of the County of Nassau, effective December 5, 1983, so as to include "highway, bridge [and] culvert" as found in Highway Law § 139 (2).

Having concluded that Nassau County Administrative Code § 12-4.0 (e) governs the instant matter, we find that the Supreme Court, at a minimum, should have granted the County's motion to dismiss at the close of the plaintiff's case for failure to establish a prima facie case by proving that prior written notice of the defective sidewalk was given in accordance with the statute.

We further reject the plaintiff's contention that the County caused the defect in the sidewalk by its own affirmative negligence and, therefore, no written notice was required to impose liability on the part of the County. Neither the County's planting of, nor its subsequent failure to maintain, the trees which allegedly caused the sidewalk defect upon which the plaintiff was injured constituted affirmative negligence rendering the County's prior written notice ordinance inapplicable (see, Monteleone v Incorporated Vil. of Floral Park, supra). Thompson, J. P., Brown, Sullivan and Miller, JJ., concur.