■ DOROTHY M. REAL, Respondent, v TOWN OF HUNTINGTON et al., Appellants.—In a negligence action to recover damages

for personal injuries, (1) the defendant Town of Huntington appeals (a) from an order of the Supreme Court, Suffolk County (McCarthy, J.), entered October 6, 1989, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (b), as limited by its brief, from so much of an order of the same court, dated November 15, 1989, as, upon renewal, adhered to the original determination, and (2) the defendant St. Hugh of Lincoln Roman Catholic Church appeals from an order of the same court, dated November 15, 1989, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal from the order entered October 6, 1989 is dismissed, as that order was superseded by the order dated November 15, 1989, made upon renewal; and it is further,

Ordered that the order dated November 15, 1989, made upon renewal, is reversed insofar as appealed from, on the law, the order entered October 6, 1989, is vacated, the motion for summary judgment is granted, and the complaint is dismissed insofar as it is asserted against the appellant Town of Huntington; and it is further,

Ordered that the order dated November 15, 1989, which denied the motion of St. Hugh of Lincoln Roman Catholic Church for summary judgment is reversed, on the law, the motion is granted, and the complaint is dismissed insofar as it is asserted against the appellant St. Hugh of Lincoln Roman Catholic Church; and it is further,

Ordered that the appellants are awarded one bill of costs.

The evidence establishes that although the defendant Town of Huntington maintained proper records, it had no actual written notice of the defect in a sidewalk which was the alleged cause of the plaintiff's injuries. Any failure on the part of the Town to maintain the tree, the expansion of whose roots apparently caused the defect, cannot be considered affirmative negligence so as to remove this case from the scope of the statute requiring actual written notice *(see,* Town Law § 65-a; *see also, Zash v County of Nassau,* 171 AD2d 743; *Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917). Further, since the plaintiff failed to show that the codefendant adjoining landowner benefited from the sidewalk in a way " 'not connected with [its] public use' " *(Allen v Weiss,* 279 App Div 91, 95), the adjoining landowner's motion for summary judgment is also granted. Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.