■ EDMUND J. CANNISTRA, an Infant, by His Parents and Natural Guardians, JOSEPH E. CANNISTRA et al., et al., Respondents-Appellants, v TOWN OF PUTNAM VALLEY et al., Respon-

dents, and COUNTY OF PUTNAM, Appellant-Respondent, et al., Defendants.—In an action to recover damages for personal injuries, etc., the defendant County of Putnam appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Dickinson, J.), dated November 26, 1990, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it, and any cross claims asserted against it, and the plaintiffs cross-appeal from so much of the same order as granted the motion of the defendant Town of Putnam Valley for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, the motion of the defendant County of Putnam is granted, the complaint insofar as it is asserted against that defendant is dismissed and any cross claims asserted against it are dismissed, and the action against the remaining defendants is severed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendants County of Putnam and Town of Putnam Valley are awarded one bill of costs, payable by the plaintiffs.

The plaintiff Edmund J. Cannistra was injured on July 24, 1984, when the southbound car in which he was a passenger collided with a truck parked along the shoulder of Peekskill Hollow Road near its intersection with Mill Street in the Town of Putnam Valley. The truck was parked so that it protruded approximately one-half foot into the traveled portion of the road. Apparently, the driver of the car did not see the truck prior to the collision.

Peekskill Hollow Road was owned, designed and maintained by the defendant County of Putnam (hereinafter the County). The defendant Town of Putnam Valley (hereinafter the Town) has the authority to regulate parking along the shoulder of the road (see, Town Law § 130 [7]). Both the Town and the County moved for summary judgment. The Supreme Court granted the Town's motion and denied the County's motion. We conclude that the complaint should have been dismissed against the County as well as the Town.

In his deposition, the driver of the parked vehicle stated that on the afternoon of accident, he had stopped to get some soda in a general store located on Peekskill Hollow Road. Rather than use the store's parking lot, the driver pulled off the highway just south of the store, parking his truck par-

tially on the shoulder and partially on the traveled portion of the road. The driver was aware that his parked truck protruded approximately one-half foot into the traveled portion of the roadway.

Central to the plaintiffs' claim against the Town is their assertion that the Town's failure to post signs prohibiting parking was a proximate cause of the accident. However, in opposition to the Town's motion for summary judgment, the plaintiffs did not support this assertion with the affidavit of a highway safety expert. Rather, the plaintiffs chose to rely solely upon the deposition of Samuel J. Oliverio, a neighborhood resident, who generally testified that there had been "many accidents", of which the Town had notice, in the general vicinity of the occurrence. Since Oliverio (who is not an engineer) did not describe how these alleged prior accidents occurred, nor how the Town departed from any duty of care that it owed the plaintiff, his testimony was insufficient to raise a factual question of whether "the event causing the injury was foreseeable and that, in the exercise of reasonable care [the Town] could have protected against such event" (Epstein v State of New York, 124 AD2d 544, 549; see, Buccellato v County of Nassau, 158 AD2d 440; Donato v County of Schenectady, 156 AD2d 859; Cruz v New York City Tr. Auth., 136 AD2d 196; see also, Vehicle and Traffic Law § 1201 [a]). We further note that annexed to the plaintiffs' brief is an affidavit by an expert containing various allegations of negligence. This affidavit, which was submitted by the plaintiffs in opposition to the County's motion for summary judgment, does not indicate, in any respect, how any act by the Town proximately resulted in the accident. Accordingly the Supreme Court properly granted the Town's motion for summary judgment.

We additionally conclude that the Supreme Court should have granted the County's motion for summary judgment. As noted, in opposition to the County's motion, the plaintiffs submitted an expert's affidavit alleging that design and maintenance defects contributed to the happening of the accident. However, the plaintiffs failed to present proof, in their expert's affidavit or otherwise, "raising a triable issue of fact concerning whether the design of the roadway where the * * * accident occurred was made without adequate study or lacked a reasonable basis" (DiCupe v City of New York, 167 AD2d 442, citing Weiss v Fote, 7 NY2d 579, 589; cf., Burgess v Town of Hempstead, 161 AD2d 616).

The plaintiffs' expert additionally asserted that the County's

failure to maintain a clear delineation between the roadway and the shoulder was a proximate cause of the accident. However, under the particular circumstances of this case, where the driver of the parked vehicle acknowledged that he knew that he had partially parked on the traveled portion of the roadway, this assertion is insufficient to raise a triable issue of fact as to whether any failure by the County to maintain its highway was a proximate cause of the accident *(see, Lomnitz v Town of Woodbury,* 81 AD2d 828; *cf., Davis v County of Nassau,* 166 AD2d 498).

We have considered the plaintiffs' remaining contentions, including the assertion that notice of a defective condition was established by the deposition testimony of Samuel J. Oliverio, and find them to be without merit. Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.