■ LINDA GRANT, Individually and as Executrix of ROBERT GRANT, Deceased, Respondent, v INCORPORATED VILLAGE OF LLOYD HARBOR, Appellant, TOWN OF HUNTINGTON, Respondent, et al., Defendant.—In an action to recover damages for personal injuries and wrongful death, the defendant Incorporated Village of Lloyd Harbor appeals from an order of the Supreme Court, Suffolk County (Hand, J.), entered April 11, 1990, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and any cross claims against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint insofar as it is asserted against the appellant, and any cross claims against it, are dismissed, and the action against the remaining defendants is severed.

The plaintiff was seriously injured and her husband was killed when the car in which she was a passenger left the road and hit a utility pole. The plaintiff averred that the defendant Village's negligent construction and maintenance of the roadway, bridge, and culvert at the scene of the accident caused icy and slippery road conditions to exist there. The plaintiff further averred that the Village had a duty to warn motorists of those conditions. The Village moved for summary judgment on the ground that it had not received prior written notice of the icy condition, as required by Village Law § 6-628 and CPLR 9804. The plaintiff argued, in opposition to the motion, that no prior written notice is required when, as here, the

Village affirmatively created the defective condition and failed to erect proper warning signs.

Village Law § 6-628 and CPLR 9804 provide, in pertinent part, that "[n]o civil action shall be maintained against the village for damages or injuries to person or property sustained in consequence of any * * * highway, bridge [or] culvert * * * being defective, out of repair, unsafe, dangerous or obstructed or for damages or injuries to persons or property sustained solely in consequence of the existence of snow or ice upon any * * * highway, bridge or culvert unless written notice of the defective, unsafe, dangerous or obstructed condition, or of the existence of the snow or ice * * * was actually given to the village clerk" prior to the happening of the event causing damage or injury.

Since no prior written notice of the icy condition had been given, it was necessary for the plaintiff to establish affirmative negligence on the part of the Village in order to hold that defendant liable (see, Monteleone v Incorporated Vil. of Floral Park, 143 AD2d 647, 648, affd 74 NY2d 917).

The record reveals that the Village neither designed nor constructed the bridge, culvert or roadway in question. Thus, it cannot be held liable for any defects in them (see, Banta v County of Erie, 134 AD2d 839). Further, the alleged failure of the Village to maintain the area in question constitutes, at best, simple nonfeasance for which there can be no liability absent prior written notice of the condition (see, Monteleone v Incorporated Vil. of Floral Park, supra, at 649). Moreover, failure to remove ice from the road or to salt and sand it, as well as failure to warn of a dangerous condition, are acts of omission, not acts of affirmative negligence such as would exempt the plaintiff's claim from the prior written notice requirement (see, Buccellato v County of Nassau, 158 AD2d 440, 442; Camera v Barrett, 144 AD2d 515, 516). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.