■ JOSEPH F. MEEHAN, Respondent, v COUNTY OF NASSAU, Appellant. [657 NYS2d 987] —In an action to recover damages for

personal injuries, the defendant appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), dated April 23, 1996, which, upon separate verdicts as to liability and damages, is in favor of the plaintiff and against it in the sum of $91,582.09.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff was injured when he stumbled and fell due to a depression in a sidewalk on Merrick Road in Valley Stream. The area at which the plaintiff fell had previously contained a tree that had been planted by the County in 1979 as part of a beautification program, which had been knocked down by a car and removed sometime prior to the plaintiff's accident. On appeal, the defendant County of Nassau contends, *inter alia,* that the court should have dismissed the action due to the plaintiff's failure to provide proof of prior written notice of the defect in the sidewalk as required by Nassau County Administrative Code § 12-4.0 (e). We agree.

Nassau County Administrative Code § 12-4.0 (e) provides that no civil action may be maintained against the County of Nassau for injuries resulting from a defective condition of any sidewalk unless the County had received prior written notice of that condition. Here, it is undisputed that the County did not receive prior written notice of the condition which allegedly caused the plaintiff's injuries. Moreover, there is nothing in the record establishing that the County affirmatively created the defect (*see, Zash v County of Nassau,* 171 AD2d 743; *see also, Zizzo v City of New York,* 176 AD2d 722; *Michela v County of Nassau,* 176 AD2d 707; *Real v Town of Huntington,* 175 AD2d 116).

We further reject the plaintiff's contention that the Nassau County Administrative Code is not applicable to trees, and therefore no notice of defect was required. The plaintiff's accident was clearly caused by a depression in the sidewalk, which falls within the ambit of the statute. Accordingly, the court should have dismissed the complaint.

In light of our determination, we need not address the parties' remaining contentions. Mangano, P. J., Joy, McGinity and Luciano, JJ., concur.