■ WILLIAM F. O'HARE, Individually and as Administrator of the Estate of MICHAEL O'HARE, Respondent, v ANTHONY R. BAER et al., Defendants and Third-Party Plaintiffs-Respondents. TOWN OF GOSHEN, Third-Party Defendant-Appellant. [658 NYS2d 125] —In an action, inter alia, to recover damages for personal injuries and wrongful death, the third-party defendant appeals from an order of the Supreme Court, Orange County (Bellantoni, J.), dated May 30, 1996, which denied its motion for summary judgment dismissing the complaint, and granted the cross motion of the defendants third-party plaintiffs to compel compliance with stated portions of their notice to produce.

Ordered that the order is reversed, on the law, with costs, the appellant's motion for summary judgment dismissing the complaint is granted, the third-party complaint is dismissed, and the cross motion is denied as academic.

The plaintiff's decedent died after a jeep being operated by the defendant third-party plaintiff Michael Baer skidded off a winding, hilly, country road in the Town of Goshen. Baer, 17 years old, was operating the jeep past the 9:00 P.M. curfew imposed by his junior operator's license, and after he and his two teenaged companions had consumed alcoholic beverages in a St. Patrick's Day celebration. Baer testified at his examination before trial that as he was rounding a 90-degree curve to the left, his jeep hit a patch of ice and overturned in a ditch. Baer and his front seat passenger, both of whom were wearing seatbelts, escaped without injury. The plaintiff's decedent, who was not wearing a seat belt in the back seat, sustained fatal injuries.

The plaintiffs commenced an action against Baer and his father, the owner of the jeep. The Baers, in turn, commenced a third-party action against the Town of Goshen. The third-party complaint alleged that the Town was negligent, inter alia, in the maintenance of the road, including the failure to maintain markings, signs or warnings. The court denied the Town's motion for summary judgment dismissing the complaint, finding that issues of fact existed concerning the Town's failure to maintain appropriate warning signs at the scene of the accident. We reverse.

We agree with the Town's contentions that the only admissible and persuasive evidence adduced was that this accident was caused by a patch of ice on a municipal road and that, absent proof of prior written notice or affirmative acts of negligence, the Town may not be held liable *(see, Grant v Incorporated Vil. of Lloyd Harbor,* 180 AD2d 716; *Thompson v County of Putnam,* 163 AD2d 517; *Buccellato v County of Nassau,* 158 AD2d 440; *Camera v Barrett,* 144 AD2d 515).

In opposition to the Town's prima facie showing of entitlement to judgment as a matter of law, the third-party plaintiffs contend that the absence of appropriate warning signs was also an alleged proximate cause of the accident and that prior written notice is not necessary. However, the third-party plaintiffs have not offered any admissible evidence to substantiate this claim. Indeed, the so-called panoramic photographs depicting damaged warning signs show the road in the opposite direction beyond the area of the accident. Contrary to the finding of the Supreme Court, these damaged signs played no part in causing the instant accident. The jeep, approaching "in a generally southwesterly" direction, ran off the road long before it would have otherwise passed these signs, which clearly were meant to govern traffic traveling in the opposite direction. The other photographs depict the installation of new signs after the accident and are thus inadmissible to prove negligence *(see, Angerome v City of New York,* 237 AD2d 551; *Niemann v Luca,* 214 AD2d 658).

The evidence further demonstrates, as a matter of law, that the accident was not caused by an absence of signs. Baer testified that his foot was on the brake as he entered the curve and the jeep was traveling at between 30 and 35 miles per hour. It is clear from his deposition testimony that Baer recognized that he was entering a curve and that his speed was excessive. Indeed, all of the evidence suggests that he would have successfully negotiated the curve but for the ice on the road. It cannot be said that any sign deficiencies constituted a proximate cause of this accident *(see, Cannistra v Town of Putnam Val.,* 177 AD2d 536). Therefore, the Town's motion should have been granted. Miller, J. P., Ritter, Joy and Krausman, JJ., concur.