■ XIMENA MAYORGA et al., Appellants, v CITY EXPRESS CORPORATION et al., Defendants, CITY OF NEW YORK, Appellant, and E.E. CRUZ & COMPANY, INC., Respondent. (Action No. 1.) RODNEY D'URSO, Respondent-Appellant, v CITY EXPRESS CORPORATION et al., Appellants-Respondents, et al., Defendants, and E.E. CRUZ & COMPANY, INC., Respondent. (Action No. 2.) IRIS JOAQUIN, Appellant, v E.E. CRUZ & COMPANY, INC., Respondent. (Action No. 3.) [749 NYS2d 52] —In three related actions to recover damages for personal injuries, etc., (1) the City of New York, a defendant in Action Nos. 1 and 2, appeals, as limited by its brief, from (a) so much of an order of the Supreme Court, Queens County (Flug, J.), dated March 28, 2001, as granted that branch of the motion of the defendant E.E. Cruz & Company, Inc., which was for summary judgment dismissing the cross claims insofar as asserted against it in Action No. 2, and (b) so much of an order of the same court, dated March 29, 2001, as granted that branch of the motion of the defendant E.E. Cruz & Company, Inc., which was for summary judgment dismissing the cross claims insofar as asserted against it in Action No. 1, (2) Ximena Mayorga and Katrina Townsend, plaintiffs in Action No. 1, separately appeal from so much of the order dated March 29, 2001, as granted that branch of the motion of E.E. Cruz & Company, Inc., which was for summary judgment dismissing their complaint, (3) Rodney D'Urso, the plaintiff in Action No. 2, separately appeals, as limited by his brief, from so much of the order dated March 28, 2001, as granted that branch of the motion of the defendant E.E. Cruz & Company, Inc., which was for summary judgment dismissing his complaint in Action No. 2 insofar as asserted against

that defendant, and (4) Iris Joaquin, the plaintiff in Action No. 3, appeals from an order of the same court, also dated March 29, 2001, which granted that branch of the motion of E.E. Cruz & Company, Inc., which was for summary judgment dismissing her complaint.

Ordered that the appeals by Ximena Mayorga and Katrina Townsend from the first order dated March 29, 2001, are dismissed as abandoned (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order dated March 28, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that the first order dated March 29, 2001, is affirmed insofar as appealed from by the City of New York; and it is further,

Ordered that the second order dated March 29, 2001, dismissing the complaint of Iris Joaquin, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Lance Rowe was driving a livery van, containing 15 passengers, on Rockaway Boulevard in Queens. When Rowe came to the intersection of Rockaway Boulevard and Brookville Boulevard, he stopped at the traffic light, and then proceeded through the intersection. Rowe moved his van to the center lane, because the right lane was closed off due to construction. While he was in the center lane, a white car came over from his left and cut his van off. Rowe pulled his van to the right, lost control of the vehicle, hit a concrete divider, and crossed over onto the oncoming lane of traffic, causing a multiple-vehicle collision.

Prior to the accident, the City of New York retained E.E. Cruz & Company, Inc. (hereinafter E.E. Cruz), to perform construction on Rockaway Boulevard. E.E. Cruz had closed off the right lane to allow access for its dump trucks. The plaintiffs commenced these actions against, among others, E.E. Cruz and the City. E.E. Cruz moved for summary judgment dismissing the complaints and all cross claims insofar as asserted against it on the grounds that Rowe was speeding, and he admitted that he was aware of the construction being performed and the lane closure prior to the accident. The Supreme Court granted the motion.

Where there are various possible proximate causes of an accident, a party "need only prove that it was 'more likely' * * * or 'more reasonable' * * * that the alleged injury was caused by the defendant's negligence than by some other agency"

*(Gayle v City of New York,* 92 NY2d 936, 937; *see Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743; *Wragge v Lizza Asphalt Constr. Co.,* 17 NY2d 313, 321). The evidence demonstrates, as a matter of law, that the accident was not caused by any failure of E.E. Cruz to erect signs *(see O'Hare v Baer,* 240 AD2d 381). Rowe testified at his examination before trial that he was aware construction was being performed on Rockaway Boulevard, and that he was aware of the lane closure prior to the accident. It cannot be said that any sign deficiencies constituted a proximate cause of this accident *(see Cannistra v Town of Putnam Val.,* 177 AD2d 536). Therefore, the motion of E.E. Cruz for summary judgment dismissing the complaints and all cross claims insofar as asserted against it was properly granted. S. Miller, J.P., Krausman, Goldstein and Rivera, JJ., concur.