■ KHEMA GOLDBURT, Respondent, v COUNTY OF NASSAU, Appellant, et al., Defendants, and VILLAGE OF NORTH HILLS, Respondent. (Action No. 1.) ALLA GOLDBURT, Respondent, v COUNTY OF NASSAU, Appellant, et al., Defendant, and VILLAGE OF NORTH HILLS, Respondent. (And a Third-Party Action.) (Action No. 2.) [763 NYS2d 776] —In two related actions, inter alia, to recover damages for personal injuries and wrongful death, the defendant County of Nassau appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), entered March 19, 2002, as denied its motion for summary judgment dismissing the complaints in both actions insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaints are dismissed insofar as asserted against the appellant, and the actions against the remaining defendants are severed.

The Supreme Court erred in denying the motion of the County of Nassau for summary judgment dismissing the complaints in the two related actions insofar as asserted against it. The County made a prima facie showing of entitlement to judgment as a matter of law by submitting affidavits to the effect that it had no prior written notice of the presence of the tree limb which obstructed the County road, as required by the County's administrative code (see *Monopoli v County of Nassau*, 292 AD2d 356 [2002]). In opposition to the County's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact with respect to whether the County created the allegedly defective

condition. The County's alleged negligence in planting the tree from which the limb fell, and alleged failure to maintain the tree constituted nonfeasance, not affirmative negligence (*see Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917 [1989]; *Michela v County of Nassau,* 176 AD2d 707 [1991]; *Zizzo v City of New York,* 176 AD2d 722 [1991]; *Zash v County of Nassau,* 171 AD2d 743 [1991]).

While liability may be imposed on a county, even in the absence of prior written notice, for dangerous highway conditions of which the county had constructive notice (*see* Highway Law § 139 [2]; *Bernardo v County of Nassau,* 150 AD2d 320 [1989]), there is no evidence that the tree limb was present on the road for a sufficient length of time prior to the accident to permit the County's employees to discover and remedy the dangerous condition (*cf. Tanner W. v County of Onondaga,* 225 AD2d 1074 [1996]).

The plaintiffs' remaining contention is without merit. Prudenti, P.J., Ritter, McGinity and Cozier, JJ., concur.