■ ADRIANA LASPINA et al., Appellants, v CITY OF NEW YORK et al., Defendants, and DEFOE CORPORATION et al., Respondents. (And Other Titles.) [803 NYS2d 662]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Rivera, J.), dated March 22, 2004, which granted the separate motions of the defendants DeFoe Corporation and the defendants Mohammed M. Mughal and Midtown Enterprises, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

In the early morning of July 27, 1997, the plaintiffs were passengers in a vehicle operated by defendant Anthony P. Frazzetta. At that time there was an on-going construction project on the Gowanus Expressway, which required two lane closures, leaving one lane open for traffic. The construction project was pursuant to a contract between the New York State Department of Transportation and the defendant DeFoe Corporation (hereinafter DeFoe). DeFoe in turn hired the defendant Midtown Enterprises, which was required to place a tow truck at the construction site. The defendant Mohammed Mughal placed the tow truck in position in the restricted construction site.

Frazzetta acknowledged he saw the construction and "almost hit a guy" prior to the accident. However, he denied that he saw any signs. He saw merging lanes around 45th Street and drove in the left lane since that was the only lane open. After driving in the single left lane for about a quarter of a mile prior to the accident he saw "dead traffic right in front of me," swerved to the right to avoid a stopped vehicle, and collided with the tow truck.

Frazzetta's blood alcohol content registered as .10% in a breath analysis test administered on the morning of the accident. He pleaded guilty to vehicular assault in the second

degree, operating a motor vehicle while under the influence of alcohol as a misdemeanor, leaving the scene of an accident without reporting as a felony, and aggravated unlicensed operation of a motor vehicle in the first degree.

The plaintiffs commenced this action against, among others, Midtown and Mughal (hereinafter the Midtown defendants), and DeFoe. The Midtown defendants and DeFoe separately moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that there was no evidence that they created an unsafe condition, and that Frazzetta's negligent driving was the sole proximate cause of the accident. The Supreme Court granted the respective motions. We affirm.

Where there are various possible proximate causes of an accident, a party "need only prove that it was 'more likely' . . . or 'more reasonable' . . . that the alleged injury was caused by the defendant's negligence than by some other agency" (*Mayorga v City Express Corp.*, 298 AD2d 563, 564-565 [2002], quoting *Gayle v City of New York*, 92 NY2d 936, 937 [1998]; *see Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743 [1986]; *Wragge v Lizza Asphalt Constr. Co.*, 17 NY2d 313, 321 [1966]). The evidence demonstrates, as a matter of law, that the accident was not caused by any failure of DeFoe to provide an alternate shoulder along the area of the lane closures or its alleged failure to erect proper signs (*see O'Hare v Baer*, 240 AD2d 381 [1997]). Frazzetta testified at his examination before trial that he was aware of the closure of the right lanes and proceeded in the left lane, which was the only lane open, for a quarter of a mile prior to the accident.

The plaintiffs further contend that because the tow truck was not illuminated and was parked in a potentially hazardous location adjacent to moving traffic, there are issues of fact as to whether the placement of the tow truck was a proximate cause of the accident. As the Supreme Court correctly noted, "the conduct complained of . . . did nothing more than furnish the condition or occasion for the accident but did not put in motion the agency by which the injuries were inflicted" (*see Hersman v Hadley*, 235 AD2d 714, 718 [1997]). As a matter of law, Frazzetta's conduct was the sole proximate cause of the accident and the plaintiffs' injuries (*see Hyland v Calace*, 244 AD2d 318, 319 [1997]). Cozier, J.P., Krausman, Goldstein and Lunn, JJ., concur.