In an action to recover damages for personal injuries, the defendant Town of Huntington appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated January 5, 2016, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendant Town of Huntington for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
 

 The plaintiff allegedly sustained personal injuries when, on the evening of October 2, 2011, she tripped and fell as her left foot became caught in a dismantled wooden barricade lying flat on a sidewalk in the Town of Huntington. Earlier that day, a Columbus Day Parade, organized by the defendant Long Island Sons of Italy, was held in the Town. Town personnel had dropped off dismantled wooden barricades provided by the Town at designated locations on September 29, 2011. The defendant Suffolk County Police Department (hereinafter the SCPD) was responsible for assembling the barricades before the parade and for disassembling them thereafter. The SCPD determined where the barricades would be placed after they were disassembled and the Town was responsible for picking them up after the parade. The parade ended in the early afternoon of October 2, 2011, and the Town picked up the barricades two or three days later.
 

 The plaintiff filed a notice of claim against the Town, and thereafter commenced this action against the Town and others, alleging, inter alia, that the Town was negligent in the maintenance, control, operation, and supervision of the dismantled barricades. In its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, the Town contended that it did not have prior written notice of the condition complained of and that it did not affirmatively create the condition. The Supreme Court denied the Town’s cross motion. We reverse.
 

 “Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies” (Maya v Town of Hempstead, 127 AD3d 1146, 1148 [2015]; see Poirier v City of Schenectady, 85 NY2d 310 [1995]). There are two recognized exceptions to the prior written notice requirement; namely, where the municipality affirmatively created the alleged defective or dangerous condition, or where the condition complained of resulted from a special use of the property by the municipality which conferred a special benefit on it (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; DiGregorio v Fleet Bank of N.Y., NA, 60 AD3d 722, 723 [2009]). “[T]he affirmative negligence exception ‘is limited to work by the [municipality] that immediately results in the existence of a dangerous condition’ ” (Yarborough v City of New York, 10 NY3d 726, 728 [2008], quoting Oboler v City of New York, 8 NY3d 888, 889 [2007]; see Monteleone v Incorporated Vil. of Floral Park, 74 NY2d 917, 919 [1989]).
 

 Here, the Town enacted a prior written notice law which provides, in relevant part, that no civil action shall be maintained against the Town for injuries sustained by reason of an obstructed sidewalk unless prior written notice of such condition was actually given to the Town Clerk or the Town Superintendent of Highways, and the Town failed to remove the obstruction complained of within a reasonable time thereafter (see Code of the Town of Huntington § 174-3 [A]). The Town established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of the condition complained of (see Lahens v Town of Hempstead, 132 AD3d 954, 954 [2015]; Pagano v Town of Smithtown, 74 AD3d 1304, 1305 [2010]), and that it did not affirmatively create that condition through an act of negligence (see Yarborough v City of New York, 10 NY3d at 728; Oboler v City of New York, 8 NY3d at 889). It was uncontroverted that the Town was responsible only for dropping off the barricades and picking them up after the parade. The Town was not involved in the dismantling of the barricades or in their placement after the parade. It also was undisputed that the Town picked up the barricades two or three days after the parade. Under the circumstances of this case, the Town’s conduct, at most, amounted to nonfeasance for which there can be no liability absent prior written notice of the condition (see Monteleone v Incorporated Vil. of Floral Park, 74 NY2d at 919; Grant v Incorporated Vil. of Lloyd Harbor, 180 AD2d 716, 717 [1992]; Buccellato v County of Nassau, 158 AD2d 440, 442 [1990]). In opposition, the plaintiff failed to raise a triable issue of fact.
 

 In light of our determination, we need not address the parties’ remaining contentions.
 

 Accordingly, the Supreme Court should have granted the Town’s cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
 

 Austin, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.