Glassman v All County Hook Up Towing, Inc. (2021 NY Slip Op 00154)





Glassman v All County Hook Up Towing, Inc.


2021 NY Slip Op 00154


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-06462
 (Index No. 605419/15)

[*1]Rebecca Glassman, et al., appellants, 
v
All County Hook Up Towing, Inc., etc., et al., respondents.


Hoberman & Trepp, P.C., Bronx, NY (Adam F. Raclaw of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Neil M. Willner of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered April 19, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On May 28, 2015, the plaintiffs, Kenneth Glassman and Rebecca Glassman, returned home at around 11:15 p.m. When they reached the street in front of their house, they observed a tow truck parked in front of a Jeep used by their daughter. Kenneth approached the tow truck operator, the defendant Tarik Kirant, and yelled at him to stop what he was doing. At some point, Kenneth told Rebecca, who remained in the car, to get the keys to the Jeep. Kenneth went to speak with the police officers on the scene who had requested the tow. Kirant stopped the tow operation. Upon exiting the house with the keys, Rebecca walked straight to Kenneth, a path that took her between the back of the tow truck and the front of the Jeep. As Rebecca proceeded between the two vehicles, her right foot caught the tow cable connecting the vehicles, and she fell, allegedly sustaining injuries.
The plaintiffs commenced this personal injury action. The defendants subsequently moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiffs appeal.
We agree with the Supreme Court's determination that the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint (see Alvarez v Prospect Hosp., 68 NY2d 320). Any alleged negligence by Kirant was not a proximate cause of the accident (see Carr v Cali, 172 AD3d 1303). Kirant's conduct merely furnished the occasion for the occurrence of Rebecca's accident (see McLean v Ripoli, 157 AD3d 604; LaSpina v City of New York, 22 AD3d 528). In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557; see generally Shickler v Cary, 59 AD3d 700).
MASTRO, A.P.J., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court